THE STATE, EX REL. HUTT, APPELLANT, *v.* FRICK-GALLAGHER MFG. CO.;
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Hutt, *v.* Frick-Gallagher Mfg. Co. (1984),
11 Ohio St. 3d 184.]

(No. 83-1531—Decided June 20, 1984.)

*Mr. Michael J. Muldoon,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Lee M. Smith* and *Mr. James E. Davidson,* for appellee.

*Per Curiam.* This case presents facts which are strikingly similar to those found in the case of *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481. In the instant case, as in that case, the reasoning forwarded by the commission in its order denying the claim and the reasoning now advanced upon appeal are markedly different. The order in the instant case simply stated that "the claimant is not permanently and totally disabled." The commission now argues that appellant is not permanently and totally disabled *as the result of the allowed conditions,* even though he may well be permanently and totally disabled as the result of previously existing conditions. "[T]his court has recognized that '* * * there must be a causal connection between an injury arising out of and in the course of a worker's employment and his harm or disability * * *[,]' *Gilbert* v. *Midland-Ross* (1981), 67 Ohio St. 2d 267, 270 [21 O.O.3d 168] * * *" (*id.* at 482). The commission's order, however, does not state the reason for denying compensation was that appellant's disability was not causally related to his injury. Instead it states that appellant does not suffer from permanent total disability. Following the rule established in *Mitchell,* this unqualified conclusion will not be embellished but rather will be construed "in a single fashion." *Id.* at 483.

*Mitchell* also requires that the commission "specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, * * *." *Id.* at 483-484. Inasmuch as the commission mentioned four specific medical reports, it may be assumed that this requirement has been met. However, as noted in the statement of the facts, none of those four reports supported the conclusion that appellant was not permanently and totally disabled.

This court recently reaffirmed that "[t]he purpose of permanent total disability benefits is to compensate a claimant for impairment of earning capacity. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 282 [71 O.O.2d 255] * * *." *State, ex rel. Jennings,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 101, 102. Any conclusion with regard to permanent total disability must therefore address the claimant's ability to work. See, also, the Medical Examination Manual issued by the commission on October 5, 1981, pursuant to R.C. 4121.38(B)(2), which states, at page *vi,* that permanent total disability "* * * is established when the injury has caused the injured worker to be unfit for sustained remunerative employment."

As noted in the statement of the facts, the reports of Drs. Blackburn and

McCloud do not address appellant's ability to work. Moreover, the reports of Drs. Turner and Kackley state unequivocally that appellant is permanently and totally disabled. Therefore, none of the evidence relied upon by the commission supports or justifies its conclusion that appellant is not permanently and totally disabled. This constitutes a clear abuse of discretion and appellant is, therefore, entitled to a writ of mandamus. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9 [58 O.O. 2d 66].

Accordingly, the judgment of the court of appeals is reversed and the writ prayed for is allowed.

*Judgment reversed and writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I dissent from the majority herein in that there was no abuse of discretion of the Industrial Commission in denying the relator's claim for permanent total disability. The record shows significant evidence upon which the commission could base its determination that the relator was not permanently disabled as a result of his allowed injury. There was, as noted by the court of appeals, considerable medical evidence indicating that relator's physical condition is related to his age, arthritis, and obesity — all of which are unrelated to his injury.

Although I basically agree that the principles set forth in *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, are laudatory (as I stated in my concurrence in that case), there is a point beyond which the application of those principles becomes unnecessary, or redundant. This is one of those cases in which the commission's order may be read and reasonably interpreted in light of the medical records presented.

Accordingly, the writ should be denied.