THE STATE, EX REL. EVANS, APPELLANT, *v.* PEPSI-COLA BOTTLING COMPANY OF COLUMBUS; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Evans, *v.* Pepsi-Cola Bottling Co. (1986), 22 Ohio St. 3d 116.]

(No. 85-769—Decided February 19, 1986.)

*Michael J. Muldoon,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Gerald H. Waterman,* for appellee.

*Per Curiam.* As this court stated in *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 632 [23 O.O.3d 518], R.C. 4123.56 provides that an employee is entitled to be paid temporary disability benefits when injured and unable to work until one of the following three things occurs: (1) he has returned to work, (2) his treating physician has made a written statement that he is capable of returning to his former position of employment, or (3) the temporary disability has become permanent. The statute specifically refers to the capability of an employee of "returning to his former position of employment."

Although the court of appeals in this case found that the Industrial Commission had not abused its discretion because it determined that relator was able to return to most of the responsibilities of her former position of employment on the strength of Dr. Brown's report, a close reading of that report reveals that Dr. Brown did not state that claimant was capable of returning to her former position of employment. Indeed, Dr. Brown's report states specifically that from his examination, Evans "should not be pushing against the skid on the palletizer." As we noted in *State, ex rel. Horne,* v. *Great Lakes Constr. Co.* (1985), 18 Ohio St. 3d 79, 80, "[t]he phrase 'and unable to work' means the workers' compensation claimant is unable to return to his former position of employment. The phrase 'former position of employment' means the position the claimant held when he was injured." Thus, since the only evidence relied upon by the Industrial Commission below stated that the claimant should not perform the same task she was required to perform prior to her injury, there was no evidence upon which the Industrial Commission could rely for its determination that Evans is now able to work within the meaning of the workers' compensation statutes. Accordingly, the Industrial Commission abused its discretion, and the remedy of mandamus could be available to Evans. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9 [58 O.O.2d 66].

Therefore, we reverse the judgment of the court of appeals, grant the writ, and remand the cause to the Industrial Commission to take evidence and to consider whether on March 21, 1983 relator was capable of returning to her former position of employment.

*Judgment reversed,*
*writ granted*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, C. BROWN and DOUGLAS, JJ., concur.

LOCHER and WRIGHT, JJ., concur in judgment only.

HOLMES, J., dissents.

LOCHER, J., concurring in judgment only. I concur in judgment only, as I cannot agree with the majority's analysis for the reasons set forth in my dissents in *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 635 [23 O.O.3d 518], and *State, ex rel. Horne,* v. *Great Lakes Constr. Co.* (1985), 18 Ohio St. 3d 79, 81.

WRIGHT, J., concurs in the foregoing opinion.

HOLMES, J., dissenting. This court should at this time overrule the unfortunate law set forth in *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O.3d 518], and return to the sensible interpretation and reasoning as to what constitutes temporary total disability as contained in the dissent of Justice Locher in *Ramirez.* Short of that, this court should properly apply the abuse of discretion test and not reweigh the evidence that was before the commission.

In the instant case, the commission was faced with conflicting medical reports concerning relator's ability to return to her former position of employment. The commission determined that Dr. Brown's medical report supported a finding that relator could substantially return to her former position of employment. Dr. Brown's report is substantial and probative evidence supporting the commission's finding.

Dr. Brown's report specifically notes relator's employment and the details surrounding the injury. The commission has the authority to weigh the evidence before it and could have construed Dr. Brown's report as evidence that relator could return to her former position of employment subject to a cautionary limitation regarding pushing against jammed skids. Case law and commission guidelines provide that the function of a doctor is to determine medical impairment and that the commission is entrusted with the responsibility of determining disability. *Meeks* v. *Ohio Brass Co.* (1984), 10 Ohio St. 3d 147. The commission accordingly determined that relator was no longer temporarily and totally disabled based upon the medical report of Dr. Brown. See, also, *State, ex rel. Petros,* v. *Connor* (1984), 12 Ohio St. 3d 176, wherein the court held that a medical report finding a temporary partial impairment was sufficient to support a determination of the commission terminating temporary total disability benefits.

The Industrial Commission, as in *Petros,* resolved the disputed factual situation before it, and this court should not disturb that result. I would affirm the judgment of the court of appeals.