THE STATE, EX REL. CROSBY, APPELLANT, *v.* DEPARTMENT OF MENTAL RETARDATION [AND DEVELOPMENTAL DISABILITIES] ET AL., APPELLEES.

[Cite as State, ex rel. Crosby, *v.* Ohio Dept. of Mental Retardation & Developmental Disabilities (1988), 38 Ohio St. 3d 179.]

(No. 87-252—Submitted May 3, 1988—Decided August 17, 1988.)

*Michael J. Muldoon,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Cordelia A. Glenn,* for appellee Department of Mental Retardation and Developmental Disabilities.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Dennis Hufstader,* for appellee Industrial Commission.

*Per Curiam.* The determination of disputed factual situations is within the final jurisdiction of the commission, subject to correction by action in mandamus only upon a showing of an abuse of discretion. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 1 O.O. 2d 190, 139 N.E. 2d 41. Where the record con-

tains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus will not lie. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936.

Relator-appellant contends that the reports of Drs. Fallon and Steiman were defective and did not constitute "some evidence" on which the commission could rely. Her contention is not persuasive.

In *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586, this court held that temporary total compensation may be terminated upon evidence that a claimant is capable of returning to his former position of employment. Appellant herein argues that because Dr. Steiman's report contained lifting restrictions inconsistent with her job duties, it cannot be considered "some evidence" of an ability to return to her former position of employment. This point is well-taken.

In *State, ex rel. Horne,* v. *Great Lakes Constr. Co.* (1985), 18 Ohio St. 3d 79, 80, 18 OBR 117, 118, 480 N.E. 2d 753, 754, "former position of employment" was defined as "the position the claimant held when he was injured." Where restrictions preclude a claimant from returning to some aspect of his former job, that report cannot be relied on as "some evidence" indicative of the ability to return to the former position of employment. *State, ex rel. Evans,* v. *Pepsi-Cola Bottling Co.* (1986), 22 Ohio St. 3d 116, 22 OBR 196, 489 N.E. 2d 792.

Dr. Steiman's report, however, was not the sole evidence on which the commission relied. Dr. Fallon stated that appellant "* * * would be capable of returning to her former work activities as there are no objective findings to indicate restrictions in regards to her returning to her former work ac-

tivity." Appellant attacks Dr. Fallon's report on two grounds: (1) As a physical medicine specialist, Dr. Fallon was impliedly unqualified to evaluate appellant's head injury, and (2) he did not consider all allowed conditions. Neither point is well-taken.

As to the former point, appellant fails to provide evidence supporting her medical competency argument. As to the latter point, her reliance on *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166, 16 O.O. 3d 199, 404 N.E. 2d 153, is misplaced. *State, ex rel. Anderson, supra,* was overruled in *State, ex rel. Burley, supra,* in which we held:

"The commission alone shall be responsible for the evaluation of the weight and credibility of the evidence before it. This court's role in the review of mandamus actions challenging the Industrial Commission's decision as to the extent of disability in cases involving multiple allowed conditions shall henceforth be limited to a determination as to whether there is some evidence in the record to support the commission's stated basis for its decision." *Id.* at 20-21, 31 OBR at 72, 508 N.E. 2d at 938.

In the present case, the commission did have "some evidence" before it — Dr. Fallon's report — to support a finding that appellant was capable of returning to her former position of employment and, hence, ineligible for further temporary total disability compensation.

Appellant's contention that the commission's order did not comply with *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721, is not well-taken as the order specifically indicated that it was based on the reports of Drs. Steiman and Fallon. Pursuant to *State, ex rel. Hutt,* v. *Frick-Gallagher Mfg. Co.* (1984), 11 Ohio St. 3d 184, 11 OBR 497, 464 N.E.

2d 1005, such specificity satisfies *Mitchell.*

The judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

LOCHER, J., concurs in judgment only.