THE STATE EX REL. MOUNT CARMEL HEALTH,
APPELLANT, *v.* FORTE ET AL., APPELLEES.

[Cite as *State ex rel. Mt. Carmel Health
v. Forte* (1992), 65 Ohio St.3d 335.]

(No. 92–631—Submitted November 10, 1992—Decided December 14, 1992.)

336

*Douglas M. Bricker,* for appellant.

*Gibson & Robbins–Penniman Co., L.P.A.,* and *Gus Robbins–Penniman,* for appellee Forte.

*Lee I. Fisher*, Attorney General, and *William J. McDonald*, Assistant Attorney General, for appellees Industrial Commission et al.

---

*Per Curiam.* Appellant does not dispute that the physical restrictions placed on claimant by Drs. Seeder and Stigliano are inconsistent with her nurse's aide duties. She cannot, therefore, return to her former position of employment. *State ex rel. Evans v. Pepsi–Cola Bottling Co.* (1986), 22 Ohio St.3d 116, 22 OBR 196, 489 N.E.2d 792. It is her residual capacity for sedentary work that anchors appellant's challenge. Because she retains that ability, appellant maintains that claimant's earning capacity has not been diminished. Appellant alternatively argues that any potential impairment is unrelated to the industrial injury. Both claims fail.

Appellant's first proposition ignores the interplay between medical and nonmedical factors. A claimant's capacity for sedentary work is immaterial if the employee lacks the necessary intellectual or vocational skills to do such work. See *State ex rel. Lawrence v. American Lubricants Co.* (1988), 40 Ohio St.3d 321, 533 N.E.2d 344. This is precisely what the claimant alleged and the commission found here—claimant's age, education and limited job skills disqualified her from any position within her physical capabilities.

Appellant's second proposition attempts to equate this case with *State ex rel. CPC Group, Gen. Motors Corp. v. Indus. Comm.* (1990), 53 Ohio St.3d 209, 559 N.E.2d 1330; *State ex rel. Pauley v. Indus. Comm.* (1990), 53 Ohio St.3d 263, 559 N.E.2d 1333; and *State ex rel. Loral Sys., Inc. v. Indus. Comm.* (1991), 59 Ohio St.3d 112, 570 N.E.2d 1106—all of which turned on causal relationship. In *CPC* and *Pauley*, as distinguished from this case, there was evidence that specifically attributed diminished earning capacity to other causes. In *CPC*, evidence showed that claimant retired for reasons unrelated to the injury. Similarly, in *Pauley*, the claimant testified that her post-injury inability to earn wages was due to her decision to stay home with her children. No such evidence exists here.

Reliance on *Loral* is similarly misplaced. There, the claimant presented evidence of a twenty-five percent medical impairment and a statement indicating a lack of wages over the relevant period. We found insufficient evidence connecting the absence of earnings to her post-injury physical condition, stating:

"Claimant has submitted no evidence showing that her lack of wages is due to the twenty-five percent impairment noted by Dr. Rosen. We will not speculate as to whether her lack of earnings is attributable to the allowed conditions or is due to, for example, a voluntary decision not to work for reasons unrelated to her injury." *Loral, supra*, at 113, 570 N.E.2d at 1107.

There is no need to speculate on causal relationship in the case at bar. Again, medical evidence established that claimant could not return to her former job. Nonmedical evidence established that there were no jobs consistent with claimant's physical restrictions for which she is educationally or vocationally prepared. When claimant lost her ability to return to her old job due to the injury, she concomitantly lost her ability to earn wages due to injury. This distinguishes the present facts from those in *Loral*.

We thus find that the commission did not abuse its discretion in awarding claimant compensation for impaired earning capacity. Accordingly, we affirm the judgment of the appellate court.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.