OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Hopkins, Appellant, v. Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Hopkins v. Indus. Comm. (1994),    Ohio St.3d    .]
Mandamus to compel Industrial Commission to award permanent total disability compensation granted, when -- No evidence present which supports the commission's conclusion that claimant was capable of obtaining remunerative employment.
(No. 93-1965 -- Submitted April 19, 1994 -- Decided August 3, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 92AP-1592.

Appellant, Johnny W. Hopkins, in 1975, 1982 and 1987, suffered three industrial injuries, two of them major, while in the course of and arising from his employment with C.L. & A. Motor Delivery, which were allowed for: "[s]train to right cervical musculature, severe strain to lumbosacral musculature"; "[l]umbar contusion; lumbosacral strain, hypertrophy L3-4, L4-5, spondylolisthesis at L5-S1 and right-sided radiculopathy"; "[p]uncture wound right leg."

In 1991, Hopkins moved appellee, Industrial Commission of Ohio, for permanent total disability compensation. Hopkins' medical evidence consisted solely of Dr. Robert E. Slemmer's affirmative responses to the following interrogatories:

"1. Mr. Hopkins claims that he has constant back pain associated with his low back condition and claims that his physical capacities are markedly reduced because of this condition. Specifically, he claims that his ability to stand and walk is markedly reduced and also that his ability to lift and carry objects is markedly reduced (to five to ten pounds occasionally). He claims as well that his ability to sit for prolonged periods of time is, likewise, markedly reduced, noting in this regard that he cannot sit for more than fifteen to thirty minutes at a time before having to get up and move about or lie down.

"Given your treatment of Mr. Hopkins over the past few years and given your knowledge of his condition with respect to his low back, do you find Mr. Hopkins' claim to be consistent

and reasonable in the light of your own examination, findings and observations?"

"2. Mr. Hopkins has asked the Industrial Commission to find that he is permanently and totally disabled from any and all types of sustained work activity at this time as a result of his severe low back condition. In your opinion has Mr. Hopkins been rendered permanently and totally disabled as a result of his work related low back injuries?" (Emphasis sic.)

Claimant submitted an extensive vocational report from Dr. Kenneth Tecklenburg, Ph.D. Dr. Tecklenburg declared claimant unemployable, commenting:

"The additional Stephenson [State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946] factors adversely affecting Mr. Hopkins' ability to work are his being an individual close to retirement age, his marginal 3rd or 4th grade education, his 18 year employment history solely in the motor transportation industry, his intellectually functioning in the borderline range with reading and spelling skills below the 3rd grade level and arithmetic skills at the 3rd grade level, and his difficulty making a vocational adjustment."

Claimant was examined on the commission's behalf by Dr. Arnold R. Penix and Dr. Steven S. Wunder. Penix found that claimant could not return to his old job but could engage in sedentary work. He assessed claimant's permanent partial impairment at forty percent. Dr. Wunder agreed that claimant could not resume his old job. He felt claimant could do light to sedentary labor, and had a thirty-seven percent impairment.

On October 15, 1992, the commission denied permanent total disability compensation, based on "* * * the reports of Drs. Wunder and Penix, and the evidence in the file and the evidence adduced at the hearing.

As a basis for its conclusion, the commission stated:

"The claimant is a 60 year old male who attended the third grade and who has a vocational history as truck and forklift driver. The medical evidence found persuasive by the Commission relates that the allowed conditions in the claims are not work prohibitive. Specifically, the reports of Drs. Wunder and Penix relate that the functional limitations imposed by the allowed conditions would not preclude the claimant from engaging in light duty work activity. The commission further finds that while the claimant's limited third grade education and 60 years of age are impediments to work activity, they do not preclude activities in light duty levels. As such, the Commission finds that when the medical evidence found persuasive is coupled with a consideration of the claimant's age, vocational history and age noted above, the claimant presents himself as presently possessing the ability to adapt and function at light levels of employment. Therefore, claimant is not found permanently and totally disabled."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation. The court of appeals denied the requested writ.

This cause is now before this court upon an appeal as of right.

Kondritzer, Gold, Frank & Crowley Co., L.P.A., and Edward C. Ahlers, for appellant.

Lee I. Fisher, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee.

Pfeifer, J.     Hopkins disputes the appellate court's determination that the commission's order adequately explained its result.

## I
## Medical Challenge

Hopkins attempts to discredit the reports of Drs. Wunder and Penix, so as to leave Dr. Slemmer's report as the only competent medical evidence of record.  If successful, Dr. Slemmer's assessment of a medical incapacity for work would negate the need to consider nonmedical disability factors and compel a permanent total disability award.  State ex rel. Galion Mfg. Div., Dresser Indus., Inc. v. Haygood (1991), 60 Ohio St.3d 38, 573 N.E.2d 60.

It was the commission's prerogative to find the reports of Drs. Wunder and Penix more persuasive.  State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.  This is particularly true when the three reports are compared.  Dr. Slemmer does no more than scrawl a "yes" to two very leading questions apparently prepared by claimant's counsel.  Drs. Wunder and Penix, on the other hand, comprehensively discuss claimant's past medical history and subjective complaints, and make objective findings, diagnoses and prognoses.  Hopkins' intimation that Dr. Slemmer's report was unfairly discounted is thus unconvincing.  Dr. Wunder's conclusion that Hopkins was capable of "lifting in sedentary to light ranges" constitutes "some evidence" of light duty capability.

Claimant attempts to discredit Dr. Wunder's report by claiming that Dr. Wunder's conclusion was based on insufficient findings.  Claimant, for example, asserts that Dr. Wunder's failure to address claimant's prolonged ability to stand or walk renders the doctor's opinion suspect.  Claimant's counsel, however, is not a physician and absent anything other than his speculation that something is amiss, Dr. Wunder's medical expertise should be given deference.

For these reasons, we reject claimant's objections to the medical evidence.

## II
## Nonmedical Challenge

In State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, this court emphasized the need for the Industrial Commission to look beyond a claimant's medical record:

"In determining permanent total disability, the Industrial Commission must evaluate the evidence concerning the degree to which the claimant's ability to work has been impaired.  The ultimate consideration is whether the claimant is '"unfit for sustained remunerative employment."' (Emphasis deleted.) State, ex rel. Paragon, v. Indus. Comm. (1983) 5 Ohio St.3d 72, 5 OBR 127, 448 N.E.2d 1372.  Any conclusion with regard to permanent total disability must address the claimant's ability to work. State, ex rel. Hutt, v. Frick-Gallagher Mfg. Co. (1984) 11 Ohio

St.3d 184, 11 OBR 497, 464 N.E.2d 1005.

"In making a determination of the degree to which the claimant's ability to work has been impaired, and to answer the query as to whether the claimant is unfit to work at any sustained remunerative employment, the commission must look to a broad number of pertinent factors. It must review all the evidence in the record including the doctors' reports and opinions. The commission must also review any evidence relative to the claimant's age, education, work record, psychological or psychiatric factors if present, and that of a sociological nature." Id. at 170, 31 OBR at 372, 509 N.E.2d at 949-950.

These nonmedical factors came to be known as "Stephenson" factors.

In the present case, the commission, after mentioning Stephenson factors such as Hopkins' age, education, work history and impairment, concluded that the claimant was capable of obtaining remunerative employment and was, thus, not permanently and totally disabled.

When reviewing a commission's denial of permanent total disability compensation, this court has looked to see if there is "some evidence" supporting the commission's decision. State ex rel. Burley v. Coil Packing, Inc. (1987) 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

No evidence supports the commission's conclusion that, in light of the Stephenson factors, Hopkins is likely to return to the job market. Quite to the contrary, there is uncontradicted testimony of a vocational expert who, based on Stephenson factors, concluded that Hopkins was unemployable. Because there was no evidence presented which supports the commission's conclusion that Hopkins was capable of obtaining remunerative employment, the commission was obligated to find Hopkins permanently and totally disabled.

Pursuant to State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, the judgment of the court of appeals is reversed and a writ of mandamus is issued to compel the Industrial Commission to award permanent total disability compensation.

Judgment reversed
and writ granted.

A.W. Sweeney, Douglas, Resnick and F.E. Sweeney, JJ., concur.

Wright, J., concurs separately.

Moyer, C.J., concurs in judgment only.

Wright, J., concurring. I concur in the judgment reached by the majority because I believe there was an abuse of discretion by the Industrial Commission with respect to the Stephenson factors. I continue to believe, however, that State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, was poorly reasoned and should not be used as a basis for reaching a decision in any cases except those in which the commission has abused its discretion.