THE STATE EX REL. BELKNAP, APPELLANT, *v.* BUEHLER'S
FOOD MARKETS, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Belknap v. Buehler's Food
Markets, Inc.* (1998), 84 Ohio St.3d 108.]

(No. 96–1980—Submitted November 10, 1998—Decided December 9, 1998.)

*Lonas & McGonegal* and *Terrance J. McGonegal,* for appellant.

*Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., John R. Slater* and *Edward D. Murray,* for appellee Buehler's Food Markets, Inc.

*Betty D. Montgomery,* Attorney General, and *Douglas S. Musick,* Assistant Attorney General, for appellees Industrial Commission and Administrator, Bureau of Workers' Compensation.

---

**Per Curiam.** No one disputes claimant's assertion that her former position of employment represents her maximum pre-injury earning capacity. That being the case, if claimant's industrial injury does not prevent her from returning to that job, there has been no impairment of earning capacity. Upon review, we

find that there is "some evidence" supporting the commission's conclusion that claimant can return to her former position of employment.

On January 26, 1994, claimant was found capable of resuming her former duties. Claimant did not contest that decision. There is no evidence that claimant's condition has worsened since that time. To the contrary, Dr. Nicholas Varrati examined claimant after the permanent total disability denial, and elicited no objective findings as to the allowed conditions. Perhaps most important, Dr. Casiano—the only physician to examine claimant both before and after PTD was denied—issued a report after the PTD denial that clearly demonstrated that claimant's condition had not changed.

Claimant accuses the commission of failing to accord her nonmedical disability factors the proper weight. This assertion fails for two reasons. First, the commission alone is responsible for assessing evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Second, claimant's nonmedical factors are of little further relevance, since claimant's deli-clerk position is evidently within her nonmedical capabilities, as she has already successfully performed that job. The only nonmedical factor that has changed is claimant's age, which cannot, standing alone, be the basis of a compensation award. *State ex rel. Moss v. Indus. Comm.* (1996), 75 Ohio St.3d 414, 662 N.E.2d 364.

Claimant's ability to return to her former job also distinguishes this case from *State ex rel. Mt. Carmel Health v. Forte* (1992), 65 Ohio St.3d 335, 603 N.E.2d 1014, and *State ex rel. Eaton Corp. v. Indus. Comm.* (1993), 66 Ohio St.3d 180, 610 N.E.2d 992. Since neither of those cases involved a claimant capable of returning to his or her former position of employment, they are not on point.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents.