[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 108.]

THE STATE EX REL. BELKNAP, APPELLANT, *v.* BUEHLER'S FOOD MARKETS, INC. ET AL., Appellees.

[Cite as *State ex rel. Belknap v. Buehler's Food Markets, Inc.*, 1998-Ohio-349.]

*Workers' compensation–Industrial Commission's denial of impaired earning capacity compensation not an abuse of discretion, when.*

(No. 96-1980–Submitted November 10, 1998–Decided December 9, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD07-928.

———————————

{¶ 1} Appellant-claimant, Elizabeth J. Belknap, was injured in a 1985 industrial accident and a workers' compensation claim was allowed. Claimant later moved appellee Industrial Commission of Ohio for permanent total disability compensation ("PTD"). Included in the evidence before the commission were the reports of Dr. Emmanuel J. Casiano, attending physician, and commission specialists Drs. Gary I. Katz and W. Jerry McCloud. Dr. Casiano reported on December 10, 1992, that claimant had a limp, L5-S1 tenderness, and low-back spasm. Forward lumbar flexion was to 20 degrees, lateral to 15 degrees. The right ankle had 95 to 115 degrees plantar flexion, with inversion and eversion at 15 and 5 degrees respectively.

{¶ 2} Dr. Katz examined claimant six months later and reported no objective findings to substantiate claimant's complaints. He concluded that claimant could return to her former position of employment as a deli clerk without restriction. Dr. McCloud also reported no objective findings and agreed that claimant could resume her previous duties.

**{¶ 3}** Based on Dr. Katz's report, the commission found claimant capable of returning to her former position of employment and denied PTD on January 26, 1994. Claimant did not challenge that order administratively or judicially.

**{¶ 4}** In March 1994, claimant sought a determination of her permanent partial disability. In support, she submitted another report from Dr. Casiano. That report contained findings that were nearly identical to those in his 1992 report. Her permanent partial disability was eventually set at seventeen percent, and claimant requested payment in the form of impaired earning capacity compensation ("IEC"), pursuant to former R.C. 4123.57(A).

**{¶ 5}** Claimant's request generated a second hearing. A district hearing officer, citing the commission's previous determination that claimant could return to her former job, found no impaired earning capacity. A staff hearing officer affirmed, adding that there was "no probative medical evidence of a worsening of claimant's condition subsequent to the denial of permanent total disability benefits dated January 26, 1994 wherein claimant was found able to return to [her] former position of employment." Reconsideration was denied.

**{¶ 6}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying IEC. The court of appeals was unpersuaded and denied the writ.

**{¶ 7}** This cause is now before this court upon an appeal as of right.

―――――――――――

*Lonas & McGonegal* and *Terrance J. McGonegal*, for appellant.

*Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., John R. Slater* and *Edward D. Murray*, for appellee Buehler's Food Markets, Inc.

*Betty D. Montgomery*, Attorney General, and *Douglas S. Musick*, Assistant Attorney General, for appellees Industrial Commission and Administrator, Bureau of Workers' Compensation.

―――――――――――

*Per Curiam.*

{¶ 8} No one disputes claimant's assertion that her former position of employment represents her maximum pre-injury earning capacity. That being the case, if claimant's industrial injury does not prevent her from returning to that job, there has been no impairment of earning capacity. Upon review, we find that there is "some evidence" supporting the commission's conclusion that claimant can return to her former position of employment.

{¶ 9} On January 26, 1994, claimant was found capable of resuming her former duties. Claimant did not contest that decision. There is no evidence that claimant's condition has worsened since that time. To the contrary, Dr. Nicholas Varrati examined claimant after the permanent total disability denial, and elicited no objective findings as to the allowed conditions. Perhaps most important, Dr. Casiano—the only physician to examine claimant both before and after PTD was denied—issued a report after the PTD denial that clearly demonstrated that claimant's condition had not changed.

{¶ 10} Claimant accuses the commission of failing to accord her nonmedical disability factors the proper weight. This assertion fails for two reasons. First, the commission alone is responsible for assessing evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Second, claimant's nonmedical factors are of little further relevance, since claimant's deli-clerk position is evidently within her nonmedical capabilities, as she has already successfully performed that job. The only nonmedical factor that has changed is claimant's age, which cannot, standing alone, be the basis of a compensation award. *State ex rel. Moss v. Indus. Comm.* (1996), 75 Ohio St.3d 414, 662 N.E.2d 364.

{¶ 11} Claimant's ability to return to her former job also distinguishes this case from *State ex rel. Mt. Carmel Health v. Forte* (1992), 65 Ohio St.3d 335, 603 N.E.2d 1014, and *State ex rel. Eaton Corp. v. Indus. Comm.* (1993), 66 Ohio St.3d

180, 610 N.E.2d 992.  Since neither of those cases involved a claimant capable of returning to his or her former position of employment, they are not on point.

{¶ 12} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents.

————————————