VOLAN, APPELLANT, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.

[Cite as Volan v. Keller, 20 Ohio App. 2d 204.]

(No. 1167—Decided January 17, 1969.)

*Messrs. Larrimer & Larrimer,* for appellant.
*Mr. Paul W. Brown, Mr. Walter J. Howdyshell* and
*Mr. Robert J. Dodd, Jr.,* for appellee Elmer A. Keller,
Administrator, Bureau of Workmen's Compensation.
*Messrs. Thompson, Hine & Flory,* for appellee H. K.
Ferguson Company.

JONES, P. J. This is a case under the Ohio Workmen's
Compensation Act in which Rudolph Volan, plaintiff, claims
benefits for partial disability resulting from a back in-
jury sustained in the course of and arising out of his em-
ployment as a construction worker by H. K. Ferguson
Company, a contributor to the State Insurance Fund.

The Administrator of the Bureau of Workmen's Com-
pensation denied plaintiff's claim for compensation on the
ground that "proof in file shows there was no compensable
lost time as a result of the injury in this claim."

On appeal to the Canton Regional Board of Review
and the Industrial Commission, the administrator's order
of disallowance was affirmed, whereupon plaintiff filed his
petition in the Court of Common Pleas of Jefferson Coun-
ty, naming Elmer A. Keller, administrator, the Industrial
Commission and H. K. Ferguson Company as defendants,
and praying "for the right to participate in the Workmen's
Compensation Fund * * *."

A jury having been waived, the cause was submitted
to the trial court on an agreed statement of facts showing,
*inter alia,* that (1) plaintiff sprained his back at work on
October 10, 1963, (2) his injury was the proximate cause
of his being partially disabled over the inclusive period
January 20, 1964, to January 23, 1964, and (3) during such
period, plaintiff sustained an impairment of his earning
capacity.

The trial court rendered judgment for defendants.

The cause is here on appeal on questions of law from the judgment below.

Plaintiff contends that the requirements and conditions necessary to establish his right to compensation are set forth in division (A) of Section 4123.57, Revised Code, which reads:

"In case of injury * * * resulting in partial disability * * * the employee shall receive per week sixty-six and two-thirds per cent of the impairment of his earning capacity which results from the injury * * * during the continuance thereof * * *."

Defendants, on the other hand, maintain that Section 4123.57, Revised Code, must be read *in pari materia* with Section 4123.55, Revised Code, and maintain further that the latter section precludes the payment of compensation for a temporary period of partial disability not preceded by at least seven days of total disability. The trial court, in rendering judgment for defendants, adopted their contentions.

It is a fundamental rule of statutory construction that sections and acts are *in pari materia* and should be construed together when they relate to the same matter, subject or object in a case calling for the application of both. 50 Ohio Jurisprudence 2d 189, Section 216. But statutes which do not relate to the same subject, which have no common purpose and scope, and which from their historical development show they are distinct and separate, are not *in pari materia* and should not be construed together. 50 Ohio Jurisprudence 2d 195, Section 219. Moreover, the rule of *in pari materia* is applicable only when the terms of the statute to be construed are ambiguous or its significance is doubtful. It is not to be applied to effect a construction contrary to the clearly manifested intent of the Legislature. 50 Ohio Jurisprudence 2d 196, Section 220.

Section 4123.55, Revised Code, may be separated into two divisions, reading as follows:

"[1] No compensation shall be allowed for the first week after an injury is received * * * [2] and no compensation shall be allowed for the first week of *total* disability, whenever it may occur, unless and until the employee is

*totally* disabled for a continuous period of three weeks or more * * *." (Emphasis added.)

Section 4123.55, Revised Code (formerly Section 1465-78, General Code), as originally enacted, was limited to the language contained in division (1). In *State, ex rel. Morris, v. Indus. Comm.*, 134 Ohio St. 380, the Ohio Supreme Court held that the restriction imposed by division (1) applied only to compensation for the first week after injury and did not affect compensation for disability occurring a week or more after injury, as is true in the case before us. Amendments to Section 4123.55, Revised Code, subsequent to the decision in *Morris, supra*, have resulted in the language forming division (2). There can be no doubt that division (2) relates solely to restrictions on the payment of compensation in case of *total* disability. Section 4123.57, Revised Code, on the other hand, relates exclusively to compensation for *partial* disability, an entirely different subject. There is, therefore, no reason to read the sections *in pari materia* on the basis of subject matter.

Moreover, throughout its history, the pertinent language of division (A) of Section 4123.57, Revised Code, has remained virtually unchanged. Division (A) provides that compensation shall be paid: "in case of [1] injury * * * resulting in [2] partial disability * * *" followed by (3) "impairment of his earning capacity * * *."

The stipulated facts showing plaintiff to have met all conditions precedent to the payment of compensation, the use of the word "shall" makes payment mandatory. *Cleveland Ry. Co. v. Brescia*, 100 Ohio St. 267; *Dennison v. Dennison*, 165 Ohio St. 146.

The judgment of the trial court imposes a restriction upon the payment of compensation for partial disability which was not intended by the General Assembly. Accordingly, the judgment of the trial court is reversed and final judgment is rendered for the plaintiff.

*Judgment reversed.*

LYNCH and O'NEILL, JJ., concur.