THE STATE, EX REL. BROWN, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 81AP-265—Decided October 8, 1981.)

*Clayman & Jaffy Co., L.P.A., Mr. Stewart R. Jaffy* and *Mr. John F. Livorno,* for relator.

*Mr. William J. Brown,* attorney general, *Mr. Michael J. Hickey* and *Mr. Lee M. Smith,* for respondents Administrator of the Bureau of Workers' Compensation and the Industrial Commission of Ohio.

*Messrs. Williams & Deeg, Mr. Robin R. Obetz* and *Mr. Thomas I. Blackburn,* for respondent Federal Paper Board, Inc., Federal Glass Division.

McCORMAC, J. Relator, Ernest C. Brown, filed a complaint for a writ of mandamus ordering the Industrial Commission to award him benefits for temporary total disability, beginning September 24, 1979, until no longer applicable.

The evidence submitted is the Industrial Commission claim file of relator.

Relator was injured on July 28, 1974, while employed by Federal Paper Board, Inc., Federal Glass Division (Federal). The claim was initially allowed for neck, low back and burns of the right wrist. Later the claim was additionally allowed for a low back sprain.

Relator was found to be temporarily and totally disabled from August 21, 1976 to August 10, 1978. On August 10, 1978, Federal filed a motion requesting that relator be examined by an independent specialist to determine whether he was temporarily and totally disabled. On May 8, 1979, relator was examined by Dr. Fallon, who found a partial impairment of thirty percent and indicated that he felt relator should be considered for a rehabilitation program.

Relator was also examined by his treating physician, Dr. Cameron, whose report of August 30, 1979 stated that relator was unable to perform any duties in the employment field and that he was permanently and totally disabled.

On September 24, 1979, a district hearing officer found relator's disability to be temporary partial at thirty percent. The Regional Board of Review, upon appeal, found that relator was temporarily and totally disabled. Upon further appeal, the Industrial Commission modified the order of the Regional Board to provide for payment to relator of the maximum temporary partial disability benefits allowable and to refer him to the rehabilitation division for a complete rehabilitation evaluation and possible consideration of a living maintenance award.

It is apparent that the Industrial Commission found that relator has a one hundred percent temporary total impairment. The Industrial Commission did not modify the Regional Board's finding of temporary total disability, but only the type of compensation payable therefor. The issue is whether it is an abuse of discretion for the Industrial Commission to order payment of maximum temporary partial disability benefits, rather than temporary total disability benefits, after finding an employee one hundred percent temporarily disabled.

The Industrial Commission abused its discretion. When a claimant is one hundred percent disabled, he is entitled to be paid benefits for temporary total disability.

R.C. 4123.56 provides for payment of benefits in the event of temporary disability which is total. R.C. 4123.57(A) provides for payments of benefits in the event of temporary disability which is partial. Both R.C. 4123.56 and R.C. 4123.57(A) provide for disability payments predicated upon impairment of earning capacity. However, when the impairment is temporary and total (*i.e.,* one hundred percent), as found by the commission, R.C. 4123.56 is controlling. It was arbitrary and capricious for the Industrial Commission to order the payment of partial disability benefits pursuant to R.C. 4123.57(A) when the temporary disability was found to be total.

The writ of mandamus is allowed. The Industrial Commission is ordered to pay relator benefits pursuant to R.C. 4123.56 for temporary total disability from September 24, 1979, until that condition is found to no longer pertain.

*Writ allowed.*

WHITESIDE and BROWN, JJ., concur.

BROWN, J., retired, of the Court of Common Pleas of Coshocton County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.