THE STATE, EX REL. CPC GROUP, GENERAL MOTORS CORP., APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO; DAVIS, APPELLANT.

[Cite as State, ex rel. CPC Group, General Motors Corp., *v.* Indus. Comm. (1990), 53 Ohio St. 3d 209.]

(No. 89-963—Submitted June 19, 1990—Decided August 29, 1990.)

*Vorys, Sater, Seymour & Pease* and *Robert E. Tait,* for appellee CPC Group.

*Thompson, Meier & Dersom* and *William A. Meier,* for appellant.

*Per Curiam.* Two questions are posed by the commission's order: (1) Is there an unqualified right to R.C. 4123.57(A) compensation once partial disability has been determined? and (2) Is retirement irrelevant to a determination of an impaired earning capacity? For the reasons to follow, we answer both questions in the negative and affirm the appellate court judgment.

The first inquiry is quickly disposed of based on *State, ex rel. Johnson,* v. *Indus. Comm., supra,* which stated that a claimant did not have an automatic right to receive R.C. 4123.57(A) compensation. Under *Johnson,* an R.C. 4123.57(A) deter-

mination has two steps — an initial hearing to calculate partial disability and a second hearing in which the burden is upon the claimant to establish *actual* impaired earning capacity. See, also, *State, ex rel. Bittinger,* v. *NACCO Mining Co.* (1990), 49 Ohio St. 3d 30, 550 N.E. 2d 172.

Turning to the second question, we begin by noting that for compensation purposes, retirement is either voluntary or involuntary. A retirement that is precipitated by industrial injury is deemed involuntary. *State, ex rel. Rockwell Internatl.,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 44, 531 N.E. 2d 678. The appellate court ordered the commission to determine voluntariness, reasoning that a claimant whose retirement was unrelated to the industrial injury was automatically ineligible for impaired earning capacity benefits. While we agree with the appellate court's granting of a writ of mandamus to the commission, we do so for the following reasons, rather than those advanced by the court below.

The appellate decision relied on *Rockwell* and *State, ex rel. Brown,* v. *Indus. Comm.* (1981), 3 Ohio App. 3d 273, 3 OBR 317, 444 N.E. 2d 1037. *Rockwell* reaffirmed that voluntary retirement precluded temporary total disability compensation. *Brown* held that R.C. 4123.57(A) and 4123.56, governing temporary total disability compensation, were both "predicated upon impairment of earning capacity." *Id.* at 274, 3 OBR at 319, 444 N.E. 2d at 1038. Reading the cases together, the court below surmised that *Rockwell* encompassed impaired earning capacity benefits as well. We disagree.

In finding that voluntary retirement precluded compensation for temporary total disability, *Rockwell* relied heavily on *State, ex rel. Jones & Laughlin Steel Corp.,* v. *Indus. Comm.* (1984), 29 Ohio App. 3d 145, 29 OBR 162, 504 N.E. 2d 451. *Jones & Laughlin,* however, is expressly inapplicable to R.C. 4123.57. As stated therein:

"* * * [W]e find that voluntary retirement may preclude a claimant from receiving temporary total disability benefits to which he otherwise might be entitled, if by such retirement the claimant has voluntarily removed himself permanently from the work force. This is to be distinguished from the effect of retirement upon partial disability compensation pursuant to R.C. 4123.57 which may, in appropriate circumstances, continue despite retirement." *Id.* at 147, 29 OBR at 164, 504 N.E. 2d at 454.

In *Volan* v. *Keller* (1969), 20 Ohio App. 2d 204, 49 O.O. 2d 286, 253 N.E. 2d 309, the trial court had upheld the commission's refusal to pay R.C. 4123.57(A) benefits, on the grounds that the alleged period of "temporary partial" disability had not been preceded by total disability. This argument was based on R.C. 4123.55, which stated:

"* * * [N]o compensation shall be allowed for the first week of total disability, whenever it may occur, unless and until the employee is totally disabled for a continuous period of three weeks or more * * *."

Upon review, the appellate court found that this restriction related solely to total disability and refused to construe R.C. 4123.55 and 4123.57 together, writing:

"* * * There can be no doubt that division (2) relates solely to restrictions on the payment of compensation in case of *total* disability. Section 4123.57, Revised Code, on the other hand, relates exclusively to compensation for *partial* disability, an entirely different subject. There is, therefore, no reason to read the sections *in pari materia* on the basis of subject

matter." (Emphasis *sic*.) *Id.* at 207, 49 O.O. 2d at 288, 253 N.E. 2d at 311.

*Volan* is consistent with the distinctions we have made between R.C. 4123.56 and R.C. 4123.57. In *State, ex rel. Rubin,* v. *Indus. Comm.* (1938), 134 Ohio St. 12, 16, 11 O.O. 382, 383, 15 N.E. 2d 541, 542, we stated:

"Under 1465-80 General Code [now R.C. 4123.57], * * * the allowance for partial disability is based on impairment of earning capacity; on the contrary, Section 1465-79, General Code [now R.C. 4123.56], allows a percentage of the average weekly wages for temporary total disability. *There is evidently a distinction between the two sections.* Under Section 1465-80, the loss sustained is an impairment of earning power; under Section 1465-79, it is a loss of wages.* * *" (Emphasis added.)

More recently, *State, ex rel. Ashcraft,* v. *Indus. Comm.* (1987), 34 Ohio St. 3d 42, 44, 517 N.E. 2d 533, 535, stressed that temporary total disability compensation was meant to compensate for "the loss of earnings which he [claimant] incurs while the injury heals." When compared with *Johnson, supra,* which reaffirmed that evidence of increased or decreased earnings alone could not support a denial of impaired capacity, the distinction becomes even more pronounced.

In holding that voluntary retirement does not preclude compensation for impaired earning capacity *per se,* we find the appellate court's comments in *State, ex rel. Suburban Motor Freight, Inc.,* v. *Indus. Comm.* (June 26, 1986), Franklin App. No. 85AP-39, unreported, especially persuasive. There, the court held:

"The fact of voluntary retirement, standing alone, does not necessarily lead to the conclusion that a person's earning capacity is no longer impaired.

* * * [A] person who enjoys full retirement benefits is generally entitled to find other employment and, thus, the impairment of such a person's earning capacity will continue, in the absence of proof to the contrary."

Judge Whiteside reached a similar conclusion in his present concurring opinion:

"* * * [R]etirement * * *, whether voluntary or not, does not automatically preclude compensation for impairment of earning capacity under R.C. 4123.57(A).

"One of the potential earning capacity impairments that might be pertinent would be the inability to work part-time during retirement, as so many persons do in our present economy and lifestyle. If the industrial injury impairs the retiree's ability to work and earn additional income during retirement, it necessarily follows that there is an impairment of earning capacity within the contemplation of R.C. 4123.57(A) whether or not the retirement be voluntary." See, also, *State, ex rel. Sakalos,* v. *Indus. Comm.* (Jan. 31, 1985), Franklin App. No. 84AP-121, unreported.

These observations offer the most compelling reason for rejecting the theory that voluntary retirement automatically precludes R.C. 4123.57(A) compensation. We do not, however, accept appellant's assertion that retirement is never relevant to a determination of impaired earning capacity.

R.C. 4123.57(A) requires a comparison of a claimant's pre- and post-injury earning capacity. Consideration of post-injury earning capacity assumes, at a minimum, a desire to earn during the period in which an impairment has been alleged. Receipt of compensation for impaired earning capacity when that desire is absent is

inconsistent with *Johnson's* requirement that a claimant prove *actual* impaired earning capacity. Thus, where a claimant retires for reasons unrelated to his or her allowed injury, the attendant circumstances may be relevant to an R.C. 4123.57(A) determination.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur separately.

DOUGLAS, J., concurring. On the basis of *stare decisis,* I concur.

SWEENEY, J., concurs in the foregoing concurring opinion.