THE STATE EX REL. KIRSCHNER, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO; DAYTON CPC GROUP, APPELLEE.

[Cite as *State ex rel. Kirschner v. Indus.
Comm.* (1998), 82 Ohio St.3d 90.]

(No. 95–1649—Submitted March 24, 1998—Decided June 10, 1998.)

*White, Getgey & Meyer Co., L.P.A.,* and *Barbara F. Florez,* for appellant.

*Tatgenhorst & Bruestle* and *Eric G. Bruestle,* for appellee.

---

***Per Curiam.*** Former R.C. 4123.57 permitted claimants with a partial disability to choose how to receive those benefits—as a lump sum permanent partial disability award under former R.C. 4123.57(B) or as bi-weekly IEC compensation under section (A) of the same statute. However, unlike permanent partial disability compensation under former R.C. 4123.57(B), there is no automatic entitlement to IEC benefits once a permanent partial disability has been proven. *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775. A claimant must also prove *actual* IEC. *Id.* At issue is the claimant's ability to sustain this burden.

The employer Dayton CPC Group initially contests claimant's IEC eligibility on procedural grounds, arguing that the doctrines of collateral estoppel and election of remedies bar IEC benefits, since claimant has already received permanent partial disability compensation. We disagree. Former R.C. 4123.57(A) expressly permits a claimant to change his or her method of payment "for good cause shown." Since a lack of good cause has not been alleged, we turn to the remaining issue raised—a retiree's eligibility for IEC benefits.

Former R.C. 4123.57(A) requires a comparison of a claimant's pre- and post-injury earning capacity. *State ex rel. CPC Group, Gen. Motors Corp. v. Indus. Comm.* (1990), 53 Ohio St.3d 209, 211, 559 N.E.2d 1330, 1333. The consideration of post-injury earning capacity assumes, at a minimum, a claimant's desire to earn income during the period in which IEC has been alleged. *Id.* Retirement is not necessarily inconsistent with this desire, since retirees have the right to seek

supplemental post-retirement employment. Thus, retirement does not, in and of itself, bar IEC compensation.

In the case before us, the commission's order issues contradictory assessments of claimant's post-retirement desire to earn income. At one point, it specifically finds a desire to earn income (claimant's tobacco farm), while at another it implies the opposite (lack of a job search). This ambiguity effectively forecloses further review, since the rest of the parties' arguments assumes a definitive resolution of the desire-to-earn-income issue. As such, we find it necessary to return the cause to the commission for clarification.

The judgment of the court of appeals is reversed, and the cause is returned for further consideration and amended order.

*Judgment reversed*
*and cause returned.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.