[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 90.]

THE STATE EX REL. KIRSCHNER, APPELLANT, *v*. INDUSTRIAL COMMISSION OF OHIO; DAYTON CPC GROUP, APPELLEE.

[Cite as *State ex rel. Kirschner v. Indus. Comm.*, 1998-Ohio-368.]

*Workers' compensation—Industrial Commission's denial of claimant-retiree's application for impaired earning capacity benefits returned for further consideration and amended order, when.*

(No. 95-1649—Submitted March 24, 1998—Decided June 10, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD05-762.

_____

{¶ 1} Appellant-claimant, Ronnie Kirschner, was industrially injured on June 3, 1986, while employed for appellee Dayton CPC Group (f.k.a. GM Assembly Division). A workers' compensation claim was allowed for "contusion sacral spine; sprained right knee." On November 1, 1988, claimant took a nondisability retirement from his employer after 32.4 years of service.

{¶ 2} In 1990, claimant applied for permanent partial disability compensation pursuant to former R.C. 4123.57, and was determined by the Industrial Commission of Ohio to have an eighteen percent permanent partial disability. Claimants, at that time, had the statutory right to dictate how their compensation was to be paid—as a permanent partial disability award under former R.C. 4123.57(B) or as impaired earning capacity ("IEC") compensation under former R.C. 4123.57(A). Claimants who did not make an election were automatically paid under section (B). The present claimant took no action and accordingly received an award of permanent partial disability compensation.

{¶ 3} In 1991, claimant filed an "Election" to receive IEC benefits under former R.C. 4123.57(A). His application was granted by a commission district

hearing officer. That decision was vacated by the regional board of review, which wrote:

"Claimant's request for compensation under R.C. 4123.57(A) is denied. The Regional Board finds a complete absence of evidence of claimant's working skills and work opportunities sufficient to make a determination of the extent, if any, to which claimant's 22% [*sic*, 18%] permanent disability has resulted in an impairment of his earning capacity. *State ex rel. Pauly [sic, Pauley] v. Industrial Comm.* (1990), 53 Ohio St.3d 263 [559 N.E.2d 1333]."

{¶ 4} Staff hearing officers modified the board order on January 22, 1993, writing:

"The claimant's request to receive compensation pursuant to Ohio Revised Code 4123.57(A) is denied. The Staff Hearing Officers find that the disability from which the claimant suffers as a result of allowed conditions, contusion sacral spine and sprained right knee, has not impaired the claimant's earning capacity.

"The Staff Hearing Officers note claimant has a seventh grade education, is 51 years old and has worked as a truck loader and assembler.

"The Staff Hearing Officers note claimant's testimony that he has not applied for any jobs as claimant desires to work on his tobacco farm.

"In all other respects, the order of [the] Dayton Regional Board is affirmed.

"This order is based on the medical report of Dr. Siegel."

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying him IEC compensation. The court of appeals disagreed and denied the writ.

{¶ 6} This cause is now before this court upon an appeal as of right.

————————————

*White, Getgey & Meyer Co., L.P.A.*, and *Barbara F. Florez*, for appellant.

*Tatgenhorst & Bruestle* and *Eric G. Bruestle*, for appellee.

————————————

**Per Curiam.**

{¶ 7} Former R.C. 4123.57 permitted claimants with a partial disability to choose how to receive those benefits — as a lump sum permanent partial disability award under former R.C. 4123.57(B) or as bi-weekly IEC compensation under section (A) of the same statute. However, unlike permanent partial disability compensation under former R.C. 4123.57(B), there is no automatic entitlement to IEC benefits once a permanent partial disability has been proven. *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775. A claimant must also prove *actual* IEC. *Id.* At issue is the claimant's ability to sustain this burden.

{¶ 8} The employer Dayton CPC Group initially contests claimant's IEC eligibility on procedural grounds, arguing that the doctrines of collateral estoppel and election of remedies bar IEC benefits, since claimant has already received permanent partial disability compensation. We disagree. Former R.C. 4123.57(A) expressly permits a claimant to change his or her method of payment "for good cause shown." Since a lack of good cause has not been alleged, we turn to the remaining issue raised—a retiree's eligibility for IEC benefits.

{¶ 9} Former R.C. 4123.57(A) requires a comparison of a claimant's pre- and post-injury earning capacity. *State ex rel. CPC Group, Gen. Motors Corp. v. Indus. Comm.* (1990), 53 Ohio St.3d 209, 211, 559 N.E.2d 1330, 1333. The consideration of post-injury earning capacity assumes, at a minimum, a claimant's desire to earn income during the period in which IEC has been alleged. *Id.* Retirement is not necessarily inconsistent with this desire, since retirees have the right to seek supplemental post-retirement employment. Thus, retirement does not, in and of itself, bar IEC compensation.

{¶ 10} In the case before us, the commission's order issues contradictory assessments of claimant's post-retirement desire to earn income. At one point, it specifically finds a desire to earn income (claimant's tobacco farm), while at

another it implies the opposite (lack of a job search). This ambiguity effectively forecloses further review, since the rest of the parties' arguments assumes a definitive resolution of the desire-to-earn-income issue. As such, we find it necessary to return the cause to the commission for clarification.

{¶ 11} The judgment of the court of appeals is reversed, and the cause is returned for further consideration and amended order.

*Judgment reversed*

*and cause returned.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____