THE STATE EX REL. SHOTTS, APPELLANT, *v.* AUSTIN
POWDER COMPANY ET AL., APPELLEES.

[Cite as *State ex rel. Shotts v. Austin Powder
Co.* (1999), 84 Ohio St.3d 429.]

(No. 96–2342—Submitted January 13, 1999—Decided February 10, 1999.)

*Michael J. Muldoon,* for appellant.

*Duvin, Cahn & Hutton* and *Christine C. Covey,* for appellee Austin Powder Company.

*Betty D. Montgomery,* Attorney General, and *Craigg E. Gould,* Assistant Attorney General, for appellee Industrial Commission.

*Per Curiam.* Claimant asserts that he can do no work and offers the difference between pre-injury and post-injury earnings as proof of IEC. The commission was unpersuaded by claimant's position, as are we.

The commission's order contains several reasons for denying IEC compensation, any of which alone could sustain its decision. Evidence of decreased wages, for example, does not establish an impaired earning capacity, which "connotes not what claimant *did* earn, but what he or she *could have* earned." (Emphasis *sic.*) *State ex rel. Eaton Corp. v. Indus. Comm.* (1993), 66 Ohio St.3d 180, 183–184, 610 N.E.2d 992, 995; *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 387, 533 N.E.2d 775, 778.

The commission also supported with "some evidence" its determination that there was no causal relationship between claimant's allowed condition and his alleged IEC. It observed that claimant's allowed condition consisted solely of what was then a fourteen-year-old strain/sprain for which he no longer received treatment. It accordingly rejected claimant's assertion of an injury-related inability to work, relying on the reports of Drs. Fallon and Gatens, which established a physical capacity for both rehabilitation and reemployment.

Finally, in speculating as to the true reason for claimant's unemployment, the commission issued two findings that, in and of themselves, additionally support a denial of IEC compensation. First, the commission noted that the sole condition for which claimant was being treated was a nonallowed psychiatric ailment. Compensation, however, cannot be based in whole or part on nonallowed conditions. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018. The commission also found that claimant was receiving Social Security benefits and simply had no interest in working—an assertion that claimant does not vigorously dispute. Because a claimant cannot successfully assert an IEC absent a desire to work, the commission's finding presents an additional justification for denying IEC compensation. See *State ex rel. Pauley v. Indus. Comm.* (1990), 53 Ohio St.3d 263, 559 N.E.2d 1333.

For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.