[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 50.]

THE STATE EX REL. MATHENEY, APPELLANT, *v.* CENTRAL OHIO COAL COMPANY ET AL., APPELLEES.

[Cite as *State ex rel. Matheney v. Cent. Ohio Coal Co.*, 2000-Ohio-268.]

*Workers' compensation—Court of appeals' denial of writ of mandamus ordering Industrial Commission to vacate its order denying relator's election for impaired earning capacity compensation under former R.C. 4123.57(A) affirmed.*

(No. 98-1370—Submitted January 26, 2000—Decided February 23, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD03-416.

————————————

*Larrimer & Larrimer* and *David H. Swanson*, for appellant.

*Porter, Wright, Morris & Arthur* and *Christopher C. Russell*, for appellee Central Ohio Coal Company.

*Betty D. Montgomery*, Attorney General, and *Miltina A. Gavia*, Assistant Attorney General, for appellee Industrial Commission of Ohio.

————————————

*Per Curiam.*

{¶ 1} In this appeal as of right, Paul A. Matheney, appellant, seeks a writ of mandamus ordering appellee Industrial Commission of Ohio to vacate its order denying his election for impaired earning capacity compensation ("IEC") under former R.C. 4123.57(A) and to grant him this compensation. The court of appeals denied the writ, finding that Matheney's lack of any desire to find work disqualified him from receiving IEC. We affirm.

{¶ 2} Matheney sustained an industrial injury to his back in 1976 while working for appellee Central Ohio Coal Company. His workers' compensation claim was allowed for "low back strain/sprain; status post lumbar laminectomy

excision of disc; transverse process fusion at L4-L5 with Wiltse Segmental Stabilization." In June 1993, Matheney applied for permanent partial disability compensation ("PPD") and, in August 1996, the commission assessed his disability at twenty-five percent. Thereafter, Matheney filed his election to be paid PPD pursuant to the provisions for IEC in former R.C. 4123.57(A).

{¶ 3} A commission district hearing officer ("DHO") denied Matheney IEC, explaining:

"[I]n light of the claimant's testimony at hearing that it is his belief that he cannot physically perform any sustained employment, claimant's testimony that he has not sought other work since his disability retirement in 1993 and the fact that the claimant is receiving Social Security Disability Benefits and disability retirement benefits, the [DHO] finds claimant has not demonstrated a desire to earn since he last worked."

{¶ 4} Matheney appealed and submitted his affidavit in support. A commission staff hearing officer ("SHO") found this affidavit unpersuasive, and, after reviewing the evidence and arguments, affirmed the DHO's order. Another SHO refused Matheney's further appeal.

{¶ 5} The court of appeals' denied the requested writ on the grounds that (1) Matheney had not shown any desire to work and, therefore, had not sufficiently proved the impairment of his earning capacity, *State ex rel. CPC Group, Gen. Motors Corp. v. Indus. Comm*. (1990), 53 Ohio St.3d 209, 559 N.E.2d 1330; and (2) some evidence supported the commission's decision, *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. The court of appeals' conclusion is justified. *CPC Group* specifically held that IEC is not available unless the claimant's inability to earn is the result of an allowed condition, and not any lack of interest in employment:

"R.C. 4123.57(A) requires a comparison of a claimant's pre- and post-injury earning capacity. Consideration of post-injury earning capacity assumes, at

a minimum, a desire to earn during the period in which an impairment has been alleged. Receipt of compensation for impaired earning capacity when that desire is absent is inconsistent with [*State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775, overruled on other grounds, *State ex rel. Holman v. Longfellow Restaurant* (1996), 76 Ohio St.3d 44, 665 N.E.2d 1123, which held that] a claimant prove *actual* impaired earning capacity." (Emphasis *sic*.) *Id.* at 211-212, 559 N.E.2d at 1333.

{¶ 6} We have consistently followed this rule, see *State ex rel. Loral Systems Group, Inc. v. Indus. Comm.* (1990), 59 Ohio St.3d 112, 570 N.E.2d 1106; and *State ex rel. Pauley v. Indus. Comm.* (1990), 53 Ohio St.3d 263, 559 N.E.2d 1333, and we have no reason, based on the arguments presented, to reverse that precedent. The court of appeals' judgment, therefore, is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————