288

THE STATE EX REL. GARON, APPELLANT, *v.* UNIVERSITY
HOSPITALS OF CLEVELAND ET AL., APPELLEES.

[Cite as *State ex rel. Garon v. Univ. Hosp.
of Cleveland* (2000), 88 Ohio St.3d 288.]

(No. 98–2112—Submitted February 22, 2000—Decided April 5, 2000.)

*Ticktin, Baron, Koepper & Co., L.P.A.,* and *Harold Ticktin,* for appellant.

*Rademaker, Matty, McClelland & Greve, Lynn G. Murphy* and *Robert C. McClelland,* for appellee University Hospitals.

*Betty D. Montgomery,* Attorney General, and *Michael A. Vanderhorst,* Assistant Attorney General, for appellee Industrial Commission.

---

**Per Curiam.** Garon argues that she has shown IEC and that R.C. 4123.52 does not apply to limit her entitlement to IEC compensation. We do not reach the second issue because Garon has failed to establish her right to be paid IEC compensation at any time after she left University Hospitals. Accordingly, we affirm the court of appeals' judgment on this basis.

Garon essentially argues that her unrebutted evidence of injury-induced impairment and a decrease in her post-injury earnings required the commission to grant IEC compensation. But unlike the PPD available under former R.C. 4123.57(B), "there is no automatic entitlement to IEC benefits once a permanent partial disability has been proven." *State ex rel. Kirschner v. Indus. Comm.* (1998), 82 Ohio St.3d 90, 91, 694 N.E.2d 460, 462. Rather, a claimant hoping to qualify for compensation under former R.C. 4123.57(A), in addition to proving pre- and post-injury earning capacity, must prove *actual* IEC. *State ex rel. CPC Group, Gen. Motors Corp. v. Indus. Comm.* (1990), 53 Ohio St.3d 209, 210, 559 N.E.2d 1330, 1331. This showing demands evidence that the claimant's decreased earnings are directly attributable to the injury and not to any lack of interest or industriousness or, for that matter, other nonallowed conditions. Thus, the claimant must persuade the commission, in effect, that he or she wants to work and that only the injury-induced impairment stands in the way. *State ex rel. Shotts v. Austin Powder Co.* (1999), 84 Ohio St.3d 429, 431, 704 N.E.2d 1226, 1228; *State ex rel. Loral Systems Group, Inc. v. Indus. Comm.* (1991), 59 Ohio St.3d 112, 113, 570 N.E.2d 1106, 1107; *State ex rel. Pauley v. Indus. Comm.* (1990), 53 Ohio St.3d 263, 264–265, 559 N.E.2d 1333, 1335.

The court of appeals cogently explained why the commission had some evidence for concluding that Garon had not shown the requisite causal connection between her decreased earnings and her injury:

"[Garon] took early retirement from her job with * * * University Hospitals of Cleveland in January of 1989. [Garon] worked as a receptionist at Cleveland Suburban Health Center until January [*sic,* December] 1992; her departure had no connection to her allowed condition. [Garon] worked one day in the same capacity she had held at University Hospital[s] at Mt. Sinai Hospital in 1994, but could not perform the job duties because of her shoulder. Since that time, [Garon] states that she has been unemployed although she has been looking for

light work. [Garon] submitted a list of places she looked for work from December 1992 to December 1995 consisting of sixteen employer names comprised mostly of hospitals, clinics, and nursing homes.

"[Garon] last worked for all intents and purposes in January [*sic*, December] 1992. The extent of [Garon's] effort to find work since 1992 appears to be a list of sixteen places of employment over a three-year period. As the magistrate noted, the record does not establish that [Garon] actually contacted the potential employers on her list, nor does it include details such as dates and the name of the * * * [person contacted]. In light of these facts, the magistrate properly upheld the commission's finding that there was insufficient evidence of [Garon's] desire to work during the period for which IEC is sought."

This tenuous evidence provides Garon no basis for ever attributing her decreased earnings to her injury. Garon's first opportunity to have qualified for IEC was after she retired in 1989; however, the decrease in her earnings at that time did not result from her injury. She earned less because she voluntarily retired and, although no medical restriction prevented her from working full-time with different duties, she apparently did not look for full-time work. Garon also might have established IEC eligibility in July 1990, when she accepted part-time employment; however, she provided no evidence that part-time work was medically or practically necessary. Finally, Garon might have qualified for IEC eligibility in December 1992, when she was fired. But again, nothing proves that that decrease in her earnings, from a part-time salary to zero, resulted from medical or practical necessity; it seems instead that she simply was not interested in working.

Thus, it is of no consequence whether R.C. 4123.52 applies to limit IEC awards under R.C. 4123.57(A) or not. Garon failed to prove any possible right to this compensation. The commission thus properly refused her election and request for IEC compensation, and the court of appeals was justified in denying a writ of mandamus.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.