The STATE ex rel. SWORDS

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as *State ex rel. Swords v. Indus. Comm.*, 151 Ohio App.3d 433, 2003-Ohio-414.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–435.

Decided Jan. 30, 2003.

434

Spears & Associates Co., L.P.A., and David R. Spears, for relator.

Jim Petro, Attorney General, and William J. McDonald, Assistant Attorney General, for respondent Ohio Industrial Commission.

William K. Shaw, for respondent Scioto County PWRE.

KLATT, Judge.

{¶ 1} Relator, Willard E. Swords, commenced this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its earlier order denying his request for permanent partial disability ("PPD") compensation pursuant to R.C. 4123.57 for an impairment of earning capacity ("IEC"), and to issue an order granting that compensation. The purported basis for the commission to exercise continuing jurisdiction was the intervening decision of the Supreme Court of Ohio in *State ex rel. Evenflo Juv. Furniture Co. v. Hinkle* (2001), 91 Ohio St.3d 74, 742 N.E.2d 124.

{¶ 2} Pursuant to Civ.R. 53, and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate, who issued a decision, including findings of fact and conclusions of law (attached as Appendix A). In her decision, the magistrate determined that *Evenflo* did not support the exercise of continuing jurisdiction by the commission under the facts of this case. In *Evenflo*, the court held that a "claimant who cannot perform sustained remunerative employment" need not engage in a job search as a prerequisite to IEC eligibility. However, the magistrate noted that, in the present action, the commission previously determined that relator was capable of sustained remunerative employment. Therefore, the principle set forth in *Evenflo* was inapplicable.

Moreover, the fact that claimant was receiving federal disability benefits was not binding on the state with respect to determining eligibility for workers' compensation benefits.

{¶ 3} Relator filed objections to the magistrate's decision, arguing that the magistrate misinterpreted the holding in *Evenflo*. We disagree. The premise of the holding in *Evenflo* is that a claimant cannot perform sustained remunerative employment. Because relator was previously determined to be capable of sustained remunerative employment, and because the commission found that claimant had not proved a desire to earn, the commission was within its discretion in refusing to exercise continuing jurisdiction under R.C. 4123.52. Moreover, the *Evenflo* decision made clear that an administrative finding by the Social Security Administration for purposes of awarding federal disability benefits is not binding on the state and does not require the state to grant workers' compensation benefits.

{¶ 4} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.

Objections overruled;
writ of mandamus denied.

PEGGY BRYANT and LAZARUS, JJ., concur.

## APPENDIX A

P.A. DAVIDSON, Magistrate.

{¶ 5} Relator, Willard E. Swords, filed this original action in mandamus asking the court to issue a writ compelling respondent Industrial Commission of Ohio to vacate its order denying his request to receive compensation for permanent partial disability ("PPD") under R.C. 4123.57 in the form of compensation for an impairment of earning capacity ("IEC") and to issue an order granting his request.

### Findings of Fact

{¶ 6} 1. In March 1983, Willard E. Swords ("claimant") was unemployed and, as a condition of receiving public assistance, was performing work for Scioto County PWRE. While engaged in this work, he had an accident in the course of trimming trees. His workers' compensation claim was allowed for lacerations, bruising, neck strain, and lumbosacral disc herniation with radiculopathy.

{¶ 7} 2. In 1998, the commission denied claimant's application for permanent total disability compensation, finding that he was capable of sustained remunera-

tive employment. The commission identified physical restrictions but found that claimant was vocationally capable of performing work within those restrictions.

{¶ 8} 3. In October 1999, claimant applied for determination of percentage of PPD under former R.C. 4123.57. His percentage was determined to be 34 percent. He filed a motion to receive the compensation in the form of IEC payments rather than in a lump sum.

{¶ 9} 4. In January 2000, the motion was denied by a district hearing officer, who found that claimant had not proven the requisite desire to earn.

{¶ 10} 5. In March 2000, a staff hearing officer affirmed, agreeing that claimant had failed to demonstrate a desire to return to work. The staff hearing officer acknowledged claimant's receipt of federal disability benefits under the Social Security program but concluded that the federal determination was not binding on the state workers' compensation system.

{¶ 11} 6. In April 2000, further appeal was refused.

{¶ 12} 7. In June 2001, claimant filed a motion pursuant to R.C. 4123.52, asking the commission to modify its prior order denying IEC payments. Claimant argued that a recent decision from the Ohio Supreme Court, *State ex rel. Evenflo Juv. Furniture Co. v. Hinkle* (2001), 91 Ohio St.3d 74, 742 N.E.2d 124, required the commission to alter its denial of IEC payments.

{¶ 13} 8. On November 8, 2001, a staff hearing officer denied the motion.

{¶ 14} 9. Further appeal consideration was denied.

Conclusions of Law

{¶ 15} Claimant argues that the holding in *Evenflo*, supra, was directly applicable to the facts in his case and that, therefore, the commission abused its discretion in 2001 when it refused to modify its 2000 order. For the reasons set forth below, the magistrate disagrees.

{¶ 16} In order to receive IEC payments under former R.C. 4123.57, a claimant must prove a desire to earn. E.g., *State ex rel. Pauley v. Indus. Comm.* (1990), 53 Ohio St.3d 263, 559 N.E.2d 1333; *State ex rel. CPC Group, Gen. Motors Corp. v. Indus. Comm.* (1990), 53 Ohio St.3d 209, 559 N.E.2d 1330; see, also, *State ex rel. Matheney v. Cent. Ohio Coal Co.* (2000), 88 Ohio St.3d 50, 723 N.E.2d 570 (indicating that lack of a job search is a factor that can indicate a lack of desire to earn). In *Evenflo*, the precise question before the Ohio Supreme Court was whether "a claimant who cannot perform sustained remunerative employment" must nevertheless "engage in a job search as a prerequisite to IEC eligibility." The court answered in the negative. In short, the court recognized a matter of common sense—that, when a person is incapable of performing any

sustained remunerative employment, it is pointless for that person to search for sustained remunerative employment. Further, the court in *Evenflo* briefly discussed the matter of disability benefits under the Social Security program. The court explained that, while an award of federal disability benefits implies an incapacity for some types of work, the federal award does not require the state to grant workers' compensation benefits.

{¶ 17} Principles of res judicata have also been raised in this action. Although the doctrine generally applies in administrative proceedings, the commission has continuing jurisdiction under R.C. 4123.52 to modify a final order when it finds a material change in circumstances, fraud, mistake, etc. *State ex rel. B & C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 605 N.E.2d 372.

{¶ 18} In the present action, claimant asked the commission to modify a final order denying IEC payments. The proffered basis for continuing jurisdiction was the intervening decision in *Evenflo*. However, the ruling in *Evenflo* applies to claimants "who cannot perform sustained remunerative employment." Here, however, the commission had issued a decision in 1998 finding claimant capable of sustained remunerative employment. Accordingly, the commission was within its discretion to conclude that the *Evenflo* decision did not support an exercise of continuing jurisdiction under R.C. 4123.52.

{¶ 19} The magistrate concludes that claimant has not met his burden of proving in mandamus that the commission abused its discretion and, accordingly, recommends denial of the requested writ.