THE STATE, EX REL. PAULEY, APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as State, ex rel. Pauley, *v.* Indus. Comm. (1990), 53 Ohio St. 3d 263.]

(No. 89-335—Submitted July 19, 1990—Decided September 12, 1990.)

*Thompson, Meier & Dersom* and *William A. Meier,* for appellee Pauley.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James A. Barnes,* for appellant.

MOYER, C.J. Upon review of the

record, we find that the court of appeals erred in granting a limited writ of mandamus.

At the time the court of appeals decided this case, it did not have the benefit of recent rulings by this court on the question of impairment of earning capacity under former R.C. 4123.57(A). In the syllabus of *State, ex rel. Johnson,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 384, 533 N.E. 2d 775, we stated that when a "claimant elects to receive compensation under R.C. 4123.57(A), proof of actual impairment of earning capacity must be presented to support an award of weekly compensation thereunder." As we stated in *State, ex rel. Bittinger,* v. *NACCO Mining Co.* (1990), 49 Ohio St. 3d 30, 31, 550 N.E. 2d 172, 173, the "determination of impaired earning capacity entails two steps — an initial hearing to calculate partial disability and a second hearing to assess actual impaired earning capacity." In light of these cases, the court of appeals was incorrect to conclude that compensation for impaired earning capacity must be awarded once the percentage of partial disability has been determined.

The burden is on the claimant to show the existence of an impairment of earning capacity. *State, ex rel. Apgar,* v. *Indus. Comm.* (1989), 42 Ohio St. 3d 5, 7, 535 N.E. 2d 1364, 1365. As the district hearing officer correctly ruled, there was insufficient evidence in this case to support an award of compensation for impaired earning capacity. Appellee does not direct us to any evidence regarding her working skills and opportunities; the commission therefore could not assess her earning capacity and the impairment thereof. Because there was insufficient evidence, the commission properly terminated the award of compensation for impaired earning capacity.

In any event, the staff hearing officers of the commission noted evidence in the record which justified the termination of compensation for impaired earning capacity. As the officers stated, appellee herself testified "that her *sole* reason for not working at any job at this time is her personal desire to remain home to care for her children. * * *" (Emphasis *sic.*) Appellee does not dispute the accuracy of this summary of her testimony.

We have held that "evidence of increased or decreased earnings has '* * * no essential relation to earning capacity.'" *Johnson, supra,* at 387, 533 N.E. 2d at 778, quoting *Indus. Comm.* v. *Royer* (1930), 122 Ohio St. 271, 273, 171 N.E. 337, 338. Therefore, the mere fact that a claimant has not been employed is not dispositive of the impaired-earning-capacity issue.

Nevertheless, we stated recently that the lack of a "desire to earn" can be dispositive. In *State, ex rel. CPC Group, General Motors Corp.,* v. *Indus. Comm.* (1990), 53 Ohio St. 3d 209, 211-212, ____ N.E. 2d ____, ____, we stated the following:

"R.C. 4123.57(A) requires a comparison of a claimant's pre- and post-injury earning capacity. Consideration of post-injury earning capacity assumes, at a minimum, a desire to earn during the period in which an impairment has been alleged. Receipt of compensation for impaired earning capacity when that desire is absent is inconsistent with *Johnson*'s requirement that a claimant prove *actual* impaired earning capacity. Thus, where a claimant retires for reasons unrelated to his or her allowed injury, the attendant circumstances may be relevant to an R.C. 4123.57(A) determination." (Emphasis *sic.*)

In this case, appellee removed herself from the labor market for reasons unrelated to her injury,

thereby reducing her "earning capacity" to zero. Appellee's earning capacity therefore could not be impaired by her injury.

The evidence supports the commission's conclusion that appellee did not show that she had an actual impairment of earning capacity. In light of the foregoing, the grant of a limited writ of mandamus was unwarranted.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.