THE STATE EX REL. JABBAR, APPELLANT, *v.* LTV
STEEL COMPANY ET AL., APPELLEES.

[Cite as *State ex rel. Jabbar v. LTV Steel
Co.* (1994), 70 Ohio St.3d 664.]

(No. 93–1625—Submitted August 31, 1994—Decided November 9, 1994.)

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald E. Slipski* and *Steven L. Paulson,* for appellant.

*Manchester, Bennett, Powers & Ullman* and *C. Scott Lanz,* for appellee LTV Steel Company.

*Lee Fisher,* Attorney General, and *Gloria P. Castrodale,* Assistant Attorney General, for appellee Industrial Commission.

---

*Per Curiam.* A determination of impaired earning capacity entails two steps—assessment of permanent medical impairment and determination of actual impaired earning capacity. *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775. *Johnson* does not require that these inquiries be addressed in separate hearings.

The ambiguous and uncontested February 10, 1989 district hearing officer orders do not clearly establish the extent of inquiry conducted at that hearing. In writing "Election filed under paragraph A: employer is ordered to pay this award," the district hearing officer may have (1) made an affirmative adjudication on the merits of both elements of impaired earning capacity or (2) merely acknowledged claimant's election, making payment contingent on the proof of actual impaired earning capacity that claimant's election demands. We are persuaded that the latter more accurately reflects the commission's action for three reasons.

First, had the orders indeed affirmatively adjudicated the issue of impaired earning capacity, they would have been required to designate the degree, not of permanent partial disability, but of impaired earning capacity. That designation was lacking from the orders.

Second, had an impairment been found, the order would necessarily have specified the date on which the impairment was found to have commenced. This, too, is absent.

Finally, the *only* evidence before the district hearing officer on February 10, 1989 was the medical reports of Doctors Dominic, Kravec and Rioux. Claimant's representation that she presented her affidavit attesting to her wage loss at the hearing is incorrect. The affidavit alluded to was not prepared until April 16, 1990—fourteen months after her hearing. Similarly, all of the C94A wage statements of record postdate the initial district hearing.

Thus, any impaired earning capacity award based on the February 1989 hearing could only be the result of disregard of our mandate in *Johnson*—that proof of *actual* impaired earning capacity also be presented. Given the presumption of regularity that attaches to commission proceedings, we decline to interpret the commission's actions as such, where there is a valid alternative interpretation of the order that does not offend *Johnson*.

Claimant responds that a lack of evidence notwithstanding, the commission and LTV are bound by the February 10, 1989 orders, since reconsideration was never sought. This argument, however, ignores that LTV had no reason to seek reconsideration, since the R.C. 4123.57(A) language was simply an acknowledgement that an election had been made and not a payment command.

Claimant alternatively asserts a right to a hearing on the question of actual impaired earning capacity. We, however, like the appellate court before us, find that claimant's second round of hearings was an impaired earning capacity merit hearing. That these hearings were generated by claimant's motion to compel compliance with previous orders rather than a motion expressly seeking "determination of actual impaired earning capacity" is not dispositive. Claimant had a full opportunity to present all evidence in her favor and was denied no right by the commission's decision to construe her motion as it did.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.