THE STATE EX REL. GOOL, APPELLANT, *v.* OWENS
ILLINOIS, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Gool v. Owens Illinois,
Inc.* (1998), 82 Ohio St.3d 178.]

(No. 95–1661—Submitted March 24, 1998—Decided June 17, 1998.)

*Jurus Law Offices* and *Michael J. Muldoon,* for appellant.

*Vorys, Sater, Seymour & Pease* and *Elizabeth T. Smith,* for appellee Owens Illinois, Inc.

*Betty D. Montgomery,* Attorney General, and *Yolanda V. Vorys,* Assistant Attorney General, for appellee Industrial Commission.

---

***Per Curiam.*** Former R.C. 4123.57 required a successful applicant for permanent partial disability compensation to select the method of payment—as a lump sum permanent partial disability award under former R.C. 4123.57(B) or as biweekly IEC compensation under former R.C. 4123.57(A). Election of IEC compensation, however, puts an affirmative burden on claimant—he or she must prove actual IEC and a causal relationship to the allowed conditions. *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775; *State ex rel. Apgar v. Indus. Comm.* (1989), 42 Ohio St.3d 5, 535 N.E.2d 1364.

Claimant's argument is based on a faulty premise. IEC is not established—as claimant believes—by the mere showing of diminished or no wages. Former R.C. 4123.57(A) speaks to impaired earning *capacity,* not simply to impaired earnings. *State ex rel. Eaton Corp. v. Indus. Comm.* (1993), 66 Ohio St.3d 180, 183–184, 610 N.E.2d 992, 995. Thus, "the mere fact that a claimant has not been

employed is not dispositive of the impaired-earning-capacity issue." *State ex rel. Pauley v. Indus. Comm.* (1990), 53 Ohio St.3d 263, 264, 559 N.E.2d 1333, 1335.

Impaired earning capacity "connotes not what claimant *did* earn but what he or she *could have* earned." (Emphasis *sic*.) *Eaton*, 66 Ohio St.3d at 184, 610 N.E.2d at 995. *Eaton* states that "capacity," while statutorily undefined, "logically encompasses the universe of jobs that a claimant, at a given time, and based on age, education, skills, physical ability, etc., can do." *Id.* This, in turn, requires the claimant to present evidence regarding working skills and opportunities. *Pauley.* Where a claimant does not do so, the commission does not abuse its discretion in denying IEC compensation. *Id.*

In this case, claimant produced no such evidence. Again, claimant simply asserted an absence of wages in support of her claim of a one hundred percent impairment of earning capacity. She has not, therefore, sustained her burden of proof.

Claimant also argues that the regional board order is evidentiarily deficient because it did not explain why it vacated the district hearing officer's order. This is not true. The regional board order states two bases for its decision: (1) a lack of evidence establishing an IEC and (2) claimant's failure to causally relate any alleged impairment exclusively to the allowed conditions. The order, therefore, satisfies both *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, and *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.