[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 178.]

THE STATE EX REL. GOOL, APPELLANT, *v.* OWENS ILLINOIS, INC. ET AL.,

APPELLEES.

[Cite as *State ex rel. Gool v. Owens Illinois, Inc.*, 1998-Ohio-372.]

*Workers' compensation—Industrial Commission does not abuse its discretion in denying impaired earning capacity benefits, when.*

(No. 95-1661—Submitted March 24, 1998—Decided June 17, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD03-436.

_____

{¶ 1} Appellant-claimant Nixola Gool was injured in 1983 in the employ of appellee Owen Illinois, Inc. Her workers' compensation claim has been allowed for "lumbosacral strain with anterior bulging at L4-5." In addition, she suffers from severe insulinoma and hypoglycemia unrelated to her industrial injury. Further, claimant's most "drastic limitation" is her "significant mental impairment," consisting of "dependent personality disorder, psychological factors affecting physical conditions, dysthymic disorder with anxiety features, and reduced capacity to adapt to stress." None of these additional conditions has been allowed in this claim.

{¶ 2} Two medical examinations performed shortly after claimant's departure from work indicated that she could return to her former job without restriction, and in the years that followed, at least four doctors reported essentially normal examinations without objective findings to substantiate claimant's complaints. In addition, Dr. McCloud twice reported exaggerated or physiologically inappropriate responses to testing. The only examiners noting objective findings were claimant's chiropractor—whose continuing treatments were deemed unsuitable by at least two doctors—and Dr. Bruce Siegel, whose

report formed the basis of claimant's twenty-one percent permanent partial disability award.

{¶ 3} Claimant's permanent partial disability award prompted her to request that compensation be paid as bi-weekly impaired earning capacity ("IEC") benefits under former R.C. 4123.57(A). A district hearing officer for appellee Industrial Commission of Ohio granted claimant's motion as follows:

"This determination is made pursuant to *Johnson* [*State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775], *Bouchonville* [*State ex rel. Bouchonville v. Indus. Comm.* (1988), 36 Ohio St.3d 50, 521 N.E.2d 773], and *Stephenson* [*State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946]. Taken [into] consideration [were] the claimant's age of 60, her formal education that ended [after] completion of the 9th grade, and her employment history as a factory worker at positions [including] a selector, a lathe operator, and a packer."

{¶ 4} A regional board of review vacated that order, writing:

"Claimant's election under paragraph A of O.R.C. 4123.57 is denied. Claimant has not shown an actual impairment of earning capacity. There is insufficient evidence of claimant's working skills and work opportunities [and] the associated wage scales upon which to make a determination of impaired earning capacities. *State ex rel. Pauly* [*sic, Pauley*] *v. Industrial Comm.* (1990), [53 Ohio St.3d 263, 264, 559 N.E.2d 1333, 1334-1335]; *State ex rel. Eaton Corp. v. Industrial Comm.* (1993), [66 Ohio St.3d 180, 610 N.E.2d 992]. The evidence in file regarding claimant's working skills does not differentiate between limitations caused by the industrial injury and limitations caused by non-allowed medical and psychiatric conditions."

{¶ 5} That order was administratively affirmed.

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying IEC

compensation.  The court of appeals disagreed and denied the writ, prompting claimant's appeal to this court as of right.

_____

*Jurus Law Offices* and *Michael J. Muldoon*, for appellant.

*Vorys, Sater, Seymour & Pease* and *Elizabeth T. Smith*, for appellee Owens Illinois, Inc.

*Betty D. Montgomery*, Attorney General, and *Yolanda V. Vorys*, Assistant Attorney General, for appellee Industrial Commission.

_____

***Per Curiam.***

{¶ 7} Former R.C. 4123.57 required a successful applicant for permanent partial disability compensation to select the method of payment—as a lump sum permanent partial disability award under former R.C. 4123.57(B) or as bi-weekly IEC compensation under former R.C. 4123.57(A).  Election of IEC compensation, however, puts an affirmative burden on claimant—he or she must prove actual IEC and a causal relationship to the allowed conditions.  *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775; *State ex rel. Apgar v. Indus. Comm.* (1989), 42 Ohio St.3d 5, 535 N.E.2d 1364.

{¶ 8} Claimant's argument is based on a faulty premise.  IEC is not established—as claimant believes—by the mere showing of diminished or no wages.  Former R.C. 4123.57(A) speaks to impaired earning *capacity,* not simply to impaired earnings.  *State ex rel. Eaton Corp. v. Indus. Comm.* (1993), 66 Ohio St.3d 180, 183-184, 610 N.E.2d 992, 995.  Thus, "the mere fact that a claimant has not been employed is not dispositive of the impaired-earning-capacity issue." *State ex rel. Pauley v. Indus. Comm.* (1990), 53 Ohio St.3d 263, 264, 559 N.E.2d 1333, 1335.

{¶ 9} Impaired earning capacity "connotes not what claimant *did* earn but what he or she *could have* earned." (Emphasis *sic.*)  *Eaton*, 66 Ohio St.3d at 184,

610 N.E.2d at 995. *Eaton* states that "capacity," while statutorily undefined, "logically encompasses the universe of jobs that a claimant, at a given time, and based on age, education, skills, physical ability, etc., can do." *Id*. This, in turn, requires the claimant to present evidence regarding working skills and opportunities. *Pauley*. Where a claimant does not do so, the commission does not abuse its discretion in denying IEC compensation. *Id*.

{¶ 10} In this case, claimant produced no such evidence. Again, claimant simply asserted an absence of wages in support of her claim of a one hundred percent impairment of earning capacity. She has not, therefore, sustained her burden of proof.

{¶ 11} Claimant also argues that the regional board order is evidentiarily deficient because it did not explain why it vacated the district hearing officer's order. This is not true. The regional board order states two bases for its decision: (1) a lack of evidence establishing an IEC and (2) claimant's failure to causally relate any alleged impairment exclusively to the allowed conditions. The order, therefore, satisfies both *State ex rel. Mitchell v. Robbins & Myers, Inc*. (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, and *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

{¶ 12} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____