[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 251.]

THE STATE EX REL. BACKUS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Backus v. Indus. Comm*., 2001-Ohio-32.]

*Workers' compensation—Permanent partial disability compensation–Claimant's*
*election for impaired earning capacity denied by Industrial Commission–*
*Court of appeals' denial of writ of mandamus after finding that any*
*impaired earning capacity was not attributable to claimant's allowed*
*condition affirmed.*

(No. 99-947—Submitted March 14, 2001—Decided April 11, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-532.

————————————

*Per Curiam.*

{¶ 1} Appellant-claimant Rodney T. Backus has an allowed workers'
compensation claim for asthmatic bronchitis. A request for permanent total
disability compensation was denied by appellee Industrial Commission of Ohio
based on two doctors' reports that found that claimant had no functional limitations
due to the allowed conditions and was physically capable of any employment
performed in a fume- and dust-free environment.

{¶ 2} Claimant later applied for permanent partial disability compensation
("PPD") under former R.C. 4123.57. The commission found a twenty percent PPD,
which claimant elected to receive as an award for impaired earning capacity
("IEC") pursuant to former R.C. 4123.57(A). His election was denied by the
commission in a lengthy order:

"Claimant has not proved by a preponderance of the evidence that his
impaired earning capacity is causally related to the 2/4/85 industrial injury. The
medical report[s] of Dr. Hutchison (6/21/93) and Subbiah (1/14/93) both indicate

that the claimant has no functional limitations due to the bronchitis and can do any work as long as the environment is free from dust and fume[s]. The Commission order of 11/9/93, denying permanent total disability benefits, concludes that the claimant has no physical restrictions and can do any level of physical labor as long as there is no exposure to dust and fumes.

"Evidence at hearing indicates that the claimant took a disability retirement with the employer on 7/1/97, after 34 years of employment. The facts also indicate that claimant began receiving Social Security retirement benefits sometime in 1995. * * * The Court in *State ex rel. CPC Group, General Motors Corp. v. Indus. Comm.* (1990), 53 Ohio St.3d 209 [211, 559 N.E.2d 1330, 1333], stated that 'R.C. 4123.57(A) requires a comparison of a claimant's pre- and post-injury earning capacity. Consideration of post-injury earning capacity assumes, at a minimum, a desire to earn during the period in which an impairment has been alleged.' In this case, the claimant has not presented any evidence that he had a desire to earn during the period he is alleging an impairment. Claimant's testimony at hearing was unequivocal. He testified that from the date of his disability retirement (7/1/87), to the present (9/23/97), he has not made any attempt to look for work. Claimant further testified that he didn't think anyone would hire him because of his age and physical condition. District Hearing Officer finds that claimant's testimony is in direct conflict with the conclusions set forth in the Commission's order of 11/9/93. The Commission found [that] the claimant, based on his ability to do any level of physical labor as long as there is no exposure to dust and fumes, as well as his educational background, would be able to do such unskilled sedentary work as a security guard, ticket taker, product inspector, dispatcher and cashier jobs.

"Based on the claimant's testimony District Hearing Officer concludes that the claimant has never made any attempt in the 10 years since his retirement to secure any part-time or full-time employment. Therefore, District Hearing Officer

concludes, that claimant's impaired earning capacity is related to his desire not to work, as opposed to the 2/4/85 industrial injury." (Emphasis *sic.*)

{¶ 3} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying IEC. The court of appeals denied the writ after finding that any IEC was not attributable to claimant's allowed condition. This cause is now before this court upon an appeal as of right.

{¶ 4} Former R.C. 4123.57 permitted a successful applicant for permanent partial disability compensation to select the method of payment—as a lump-sum PPD award under former R.C. 4123.57(B) or as weekly IEC compensation under former R.C. 4123.57(A). 138 Ohio Laws, Part I, 1733. Entitlement under the latter is not, however, automatic. A claimant must prove both actual IEC and a causal relationship to his or her allowed conditions. *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775.

{¶ 5} "Impaired earning capacity" "connotes not what claimant *did* earn but what he or she *could have* earned." (Emphasis *sic*.) *State ex rel. Eaton Corp. v. Indus. Comm.* (1993), 66 Ohio St.3d 180, 183-184, 610 N.E.2d 992, 995. It is not established by the mere showing of diminished or absent wages. *State ex rel. Gool v. Owens-Illinois, Inc.* (1998), 82 Ohio St.3d 178, 694 N.E.2d 962. This is the premise, however, under which claimant proceeds.

{¶ 6} Claimant asserts that his injury-induced retirement from his former position of employment establishes a *per se* entitlement to one hundred percent IEC benefits. This is incorrect. Claimant's allowed condition did not force him from the entire labor market—a circumstance that would have established an impaired earning capacity. Instead, his condition merely precluded a return to the former position of employment. The medical reports of Drs. Hutchison and Subbiah demonstrate that claimant has *no* functional limitations due to his allowed conditions that would preclude *any* type of work in a contaminant-free

environment. There is, therefore, other remunerative employment of which claimant is physically capable that could either ameliorate or possibly eliminate the lack of income of which claimant now complains. Equally important, claimant has not alleged that he is intellectually or vocationally incapable of other work. Accordingly, the commission did not abuse its discretion in attributing claimant's lack of earnings to claimant's admitted lack of interest in other employment.

{¶ 7} The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., dissents and would reverse the judgment of the court of appeals.

———————————

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Craigg E. Gould*, Assistant Attorney General, for appellee.

———————————