DECISION
On November 26, 2001, relator, Doris J. Hawkins, filed this original action seeking a writ of mandamus directing the Industrial Commission of Ohio ("commission") to vacate its order denying her application for additional compensation due to impaired earning capacity and to enter an amended order granting same.
Pursuant to Civ.R. 53(C) and Loc.R. 12(M), relator's complaint was referred to a magistrate of this court on December 10, 2001, who later rendered a decision which includes comprehensive findings of fact and conclusions of law. (Attached as Appendix A.) Specifically, the magistrate analyzed the record and briefs of the parties and concluded that this court should deny relator's request for a writ of mandamus as the commission's decision to deny relator's application is in accordance with the law and is otherwise supported by some evidence as required by State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, and State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167. The matter is now before the court upon relator's April 19, 2002 objections to that decision.
As the Ohio Supreme Court explained in State ex rel. Backus v. Indus. Comm. (2001), 91 Ohio St.3d 251:
 Former R.C. 4123.57 permitted a successful applicant for permanent partial disability compensation to select the method of payment as a lump-sum PPD award under former R.C. 4123.57(B) or as weekly IEC compensation under former R.C. 4123.57(A). 138 Ohio Laws, Part I, 1733. Entitlement under the latter is not, however, automatic. A claimant must prove both actual IEC and a causal relationship to his or her allowed conditions. State ex rel. Johnson v. Indus. Comm. (1988), 40 Ohio St.3d 384, 533 N.E.2d 775.
 "Impaired earning capacity" "connotes not what claimant did earn but what he or she could have earned." (Emphasis sic.) State ex rel. Eaton Corp. v. Indus. Comm. (1993), 66 Ohio St.3d 180, 183-184, 610 N.E.2d 992, 995. It is not established by the mere showing of diminished or absent wages. State ex rel. Gool v. Owens Illinois, Inc. (1998), 82 Ohio St.3d 178, 694 N.E.2d 962. This is the premise, however, under which claimant proceeds.
 Claimant asserts that his injury-induced retirement from his former position of employment establishes a per se entitlement to one hundred percent IEC benefits. This is incorrect. Claimant's allowed condition did not force him from the entire labor market a circumstance that would have established an impaired earning capacity. Instead, his condition merely precluded a return to the former position of employment. * * * There is, therefore, other remunerative employment of which claimant is physically capable that could either ameliorate or possibly eliminate the lack of income of which claimant now complains. Equally important, claimant has not alleged that he is intellectually or vocationally incapable of other work. Accordingly, the commission did not abuse its discretion in attributing claimant's lack of earnings to claimant's admitted lack of interest in other employment. [Id. at 253-254.]
In this case, at a minimum, relator's application, relator's affidavit, the report of the treating chiropractor, Dr. Sherman J. Bowen, Jr., DC, as well as the report of Karen MacGuffie, a certified rehabilitation counselor, and Dr. Robert MacGuffie, Ph.D., a psychologist, all show that relator is capable of engaging in at least part-time sedentary employment. However, as in Backus, it is clear that relator has not made any attempt to look for work beginning in February 1998.
Relator's objections to the contrary, having reviewed the matter, this court concludes that the magistrate discerned the pertinent legal issues and properly applied the law to those issues. Having completed an independent review, we find no error in either the magistrate's recommendation or analysis. Relator's objections to the magistrate's decision are therefore overruled.
Pursuant to Civ.R. 53(E)(4)(b), we hereby adopt the magistrate's April 5, 2002 decision as our own, including the findings of fact and conclusions of law rendered therein. For the reasons set forth in that decision, relator's request for a writ of mandamus is denied.
Objections overruled; writ denied.
BROWN and KLATT, JJ., concur.