THE STATE EX REL. BORDEN, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Borden, Inc. v. Indus. Comm.,* 101 Ohio St.3d 191, 2004-Ohio-720.]

(No. 2003–0819—Submitted November 18, 2003—Decided March 3, 2004.)

**Per Curiam.**

{¶ 1} Appellee-claimant Louis Wilson was industrially injured in 1981. In 1988, he moved appellee Industrial Commission of Ohio for permanent total disability compensation ("PTD").

{¶ 2} Claimant's PTD application was heard in 1992. Among the evidence before the commission were the reports of six physicians, five of whom reported that claimant could do sustained remunerative work. PTD was accordingly denied.

{¶ 3} On July 12, 1995, claimant sought a determination of his amount of permanent partial disability. Claimant was examined pursuant to this request by Dr. J. Stephen Beam. Dr. Beam assigned a 27 percent permanent partial impairment but did not comment on claimant's ability to work. An equivalent permanent partial disability was awarded, which claimant elected to receive as impaired earning capacity compensation ("IEC") under former R.C. 4123.57(A). See 135 Ohio Laws, Part I, 1690, 1700.

{¶ 4} On January 26, 1998, claimant refiled for PTD. Shortly thereafter, a psychiatric condition was added to the claim. This time, PTD was awarded, based on Dr. Myron J. Horn's reports. Reports from Drs. Newman, Goold, and

Ward were specifically rejected as flawed. The award's start date was backdated to August 7, 1998, based on Dr. Horn's reports.

{¶ 5} In late 2000, claimant renewed his request for the IEC compensation that had never been paid, seeking to cover the eight-year gap between his last period of temporary total disability compensation and the onset of PTD. He submitted wage statements from Five Star Associates, Inc., covering his employment from August 29, 1991, to November 15, 1995. The work appeared to be steady, but there was no indication of what the work was.

{¶ 6} A district hearing officer ("DHO") denied claimant's IEC request, finding the wage evidence insufficient for several reasons. The DHO noted that the affidavit portion was not signed. He also noted the lack of any wage information from periods preceding and following the intervening four years of employment. Finally, he cited the lack of evidence of claimant's inability to work.

{¶ 7} A staff hearing officer ("SHO") vacated that order and granted IEC based on Dr. Beam's 1995 report. The SHO did not discuss claimant's wage information. IEC was awarded from October 17, 1990, through August 6, 1998, minus any temporary total disability compensation paid during that time. Further appeal was refused.

{¶ 8} Claimant's employer, appellant Borden, Inc., responded with a complaint in mandamus in the Court of Appeals for Franklin County. The magistrate recommended that the writ be granted and that the commission's order be vacated, agreeing with the DHO's summary of defects in the evidence. The court of appeals agreed that the order was unsupported, but rather than vacate the order, it issued a limited writ that returned the cause to the commission for a second opportunity to find evidence in support.

{¶ 9} This cause is now before this court upon an appeal as of right.

{¶ 10} Two issues require resolution: (1) Did the commission abuse its discretion in awarding IEC compensation? and (2) Did the court of appeals err in returning the cause to the commission for further consideration? We answer both questions in the affirmative.

{¶ 11} The commission's order is fatally flawed from both a procedural and evidentiary standpoint. Procedurally, R.C. 4123.52 prohibits an award for a back period in excess of two years prior to application therefor. Claimant's permanent partial disability application—from which his IEC request derived—was filed on July 12, 1995. Consequently, the commission abused its discretion in awarding any compensation from October 17, 1990, to July 11, 1993.

{¶ 12} From an evidentiary perspective, entitlement to IEC demands proof of an actual impaired earning capacity and a causal relationship between the impairment and claimant's allowed conditions. *State ex rel. Gool v. Owens*

*Illinois, Inc.* (1998), 82 Ohio St.3d 178, 179, 694 N.E.2d 962. Addressing the latter first, the commission relied exclusively on Dr. Beam's report. Dr. Beam, however, did not examine claimant until November 28, 1995, so his report cannot be considered evidence of claimant's condition prior to that time. *State ex rel. Pleban v. Indus. Comm.* (1997), 78 Ohio St.3d 406, 408, 678 N.E.2d 562. Dr. Beam, moreover, did not state whether claimant's impairment affected his ability to earn. He opined only that claimant had a 27 percent physical impairment. Under *State ex rel. Eaton Corp. v. Indus. Comm.* (1993), 66 Ohio St.3d 180, 183–184, 610 N.E.2d 992, this does not prove that claimant's medical condition impaired his earning capacity.

{¶ 13} Turning to evidence of actual IEC, the sole evidence claimant submitted was a list of diminished earnings from August 29, 1991, through November 15, 1995. IEC, however, cannot be established by the mere showing of diminished or absent wages. *State ex rel. Gool*, 82 Ohio St.3d at 179, 694 N.E.2d 962. That is because former R.C. 4123.57 spoke to impaired earning *capacity*, not simply to impaired earnings. Id. IEC "connotes not what claimant *did* earn, but what he or she *could have* earned." (Emphasis sic.) *Eaton*, 66 Ohio St.3d at 184, 610 N.E.2d 992. Therefore, the claimant must present evidence of, for example, pre- and postinjury working skills and the desire to work. *State ex rel. Pauley v. Indus. Comm.* (1990), 53 Ohio St.3d 263, 264, 559 N.E.2d 1333. This is to ensure that a decrease or absence of wages is not due to a personal decision to cut back or stop working. Id. at 264–265, 559 N.E.2d 1333.

{¶ 14} In the present case, we do not know why claimant did not work from October 17, 1990, through August 28, 1991, and why he suddenly stopped working in November 1995. Claimant did not appear at either commission hearing to testify, nor did he offer an explanatory affidavit. This is particularly significant, given the lack of competent medical evidence establishing to what extent claimant's ability to work was compromised by his injury. Dr. Horn established an inability to perform sustained remunerative employment as of summer 1998—and PTD was accordingly granted—but none of the evidence prior to that time withstands scrutiny. Dr. Ward's 1988 and Dr. Goold's 1990 assessment of an inability to perform sustained remunerative employment were repudiated by claimant's subsequent employment. Dr. Newman's November 24, 1997 PTD assessment was specifically rejected by the commission in its second PTD order and cannot be revived by the commission as medical evidence of a total impairment of earning capacity prior to PTD onset. *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87. Both Drs. Larrick and Reynolds concluded prior to 1991 that claimant could not return to his former job, but given the lack of information as to the type of work claimant actually did between 1991 and 1995, these opinions do not advance claimant's cause. It is inappropriate to assume that claimant was making less because he was doing less.

{¶ 15} The commission's order, therefore, was not supported by "some evidence," and the appropriate disposition was to vacate the commission's order. A return to the commission to permit a second chance to find evidence to support its order—as the court of appeals did—is improper.

{¶ 16} Therefore, the judgment of the court of appeals is reversed, and a writ of mandamus is hereby issued vacating the commission's order.

Judgment reversed.

Moyer, C.J., Lundberg Stratton, O'Connor and O'Donnell, JJ., concur.

Resnick, F.E. Sweeney and Pfeifer, JJ., dissent and would affirm the court of appeals.

———————

Earl, Warburton, Adams & Davis and Bruce L. Hirsch, for appellant.

Jim Petro, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee Industrial Commission.

Michael J. Muldoon, for appellee Louis Wilson.