THE STATE EX REL. JEANY, APPELLANT, *v.* CLEVELAND
CONCRETE CONSTRUCTION, INC. ET AL.; INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Jeany v. Cleveland Concrete Constr.,
Inc.,* 107 Ohio St.3d 20, 2005-Ohio-5828.]

(No. 2004–1940—Submitted July 26, 2005—Decided November 16, 2005.)

---

**Per Curiam.**

{¶ 1} Appellant-claimant, Aldo Jeany, worked for 45 years as a cement finisher. In 1983, at age 63, Jeany retired and began receiving both his union pension and Social Security retirement benefits.

{¶ 2} After he retired, Jeany filed a workers' compensation claim alleging that as a result of his prior employment, he had contracted an occupational disease affecting the nerves in his legs. Appellee, Industrial Commission of Ohio, denied the claim after finding that it was barred by the statute of limitations. Jeany appealed to the Court of Common Pleas of Franklin County, naming as defendants his most recent employer, Atlas Construction Company, and the Bureau of Workers' Compensation. The commission was not a party to that action.

{¶ 3} The three parties made 11 factual stipulations. Stipulation 2 noted that "[Jeany] retired * * * because he was physically unable to perform his job because of back and leg pain." Stipulation 3 stated that Jeany "left work because of back and leg problems."

{¶ 4} Jeany's workers' compensation claim was eventually allowed. In 1993, he was determined to have a 35 percent permanent partial disability. Jeany attempted to collect that award as impaired-earning-capacity ("IEC") compensation under former R.C. 4123.57(A). Am.H.B. No. 1282, 137 Ohio Laws, Part II, 3934, 3946. The commission denied the application after concluding that (1) Jeany had voluntarily retired and (2) there was no evidence that claimant's occupational disease prevented him from engaging in other employment.

{¶ 5} For ten years, Jeany did not pursue his IEC application. In 2004, Jeany filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying his IEC application. The court of appeals disagreed, finding that the stipulations arising out of Jeany's 1987 lawsuit were not binding on the commission. This cause is now before this court on an appeal as of right.

{¶ 6} The evidence in this case conflicts. On the one hand, Jeany retired after a full 45-year career as a cement finisher. His retirement coincided with his 63d birthday as well as his eligibility for Social Security retirement benefits and his union pension.

{¶ 7} On the other hand are the aforementioned stipulations. Jeany ostensibly recognizes the commission's exclusive authority to evaluate the evidence before it. See State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 20, 31 OBR 70, 508 N.E.2d 936. Jeany, however, argues that this evidentiary prerogative is overridden by the legally binding nature of the stipulations. This argument fails.

{¶ 8} The stipulations arose out of a 1987 lawsuit to which the commission was not a party. The only Ohio court to have confronted this question—the Seventh District Court of Appeals—has held that factual stipulations are not binding on a nonparty. Clarke v. Bd. of Cty. Commrs. (July 15, 1997), Mahoning App. No. 96 CA173, 1997 WL 419618. See, also, Lincoln Lumber Co. v. Lancaster (2000), 260 Neb. 585, 595, 618 N.W.2d 676.

{¶ 9} Here, the court of appeals was equally concerned about the precedent Jeany's proposition might set:

{¶ 10} " '[W]e * * * are unwilling to force stipulations made in a separate lawsuit upon similar parties in subsequent litigation. Simplifying litigation for purposes of narrowing the scope of the litigation is a practical necessity and should not be thwarted by fears that the stipulations are going to be binding for all later litigation.' " *State ex rel. Jeany v. Cleveland Concrete Constr., Inc.,* Franklin App. No. 04AP–51, 2004-Ohio-5842, 2004 WL 2474431, ¶ 13, quoting *State ex rel. Jeany v. Cleveland Concrete Constr., Inc.,* Franklin App. No. 02AP–159, 2002-Ohio-6029, 2002 WL 31465941, ¶ 10.

{¶ 11} We agree with the court of appeals and find that the commission did not abuse its discretion in refusing to accept the disputed stipulations and in otherwise finding a lack of persuasive evidence that Jeany's retirement was involuntary—i.e., related to his industrial injury.

{¶ 12} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———

Michael J. Muldoon, for appellant.

Jim Petro, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee.